Nash, C. J.
 

 The property in question, had belonged to the
 
 “
 
 Manteo Manufacturing Company,” ■ aiid by it was conveyed, by deed of trust, to the plaintiff, to secure a debt due the plaintiff. The Manteo Company was also indebted to the defendant, who caused a warrant to be issued by a single magistrate, against James F. Jordan, who, in it, is called the “President of the Manteo Manufacturing Company.” This warrant commanded the officer to
 
 tales the tody
 
 of James F. Jordan, &c., and judgment was rendered in favor of the plaintiff. The execution directed the officer to levy it on the goods and chattels, lands and tenements of the defendant. Several questions
 
 *60
 
 were raised on the argument here, as to the priority of the lien between the execution, and the deed of trust under which the plaintiff claims, embracing the registration'of the latter. From the view which has been taken here, it is not deemed proper to express any opinion upon them.
 

 The warrant directed the officer to arrest the body of James F. Jordan, to answer the complaint of Jameff A. Hicks, for the non-payment of the sum of ninety dollars, due by account. The warrant, then, was against James F. Jordan, individually, and the judgment was for the plaintiff. The execution was in conformity with the warrant and judgment, and was levied, not on the property of James F. Jordan, but on that of the Manteo Manufacturing Company, or rather, on that of the plaintiff in the hands of their trustee. The debt upon which the proceedings were had, was, no doubt, due from the Manteo Company, and the object was to subject their property to its payment; but the parties, instead of proceeding under the Act of the Assembly, have proceeded against the presiding officer of the Company, to make him personally responsible. It is possible he may have made himself personally responsible. But the Manteo Company surely, could not be made responsible under these proceedings. The Manteo Manufacturing Company is a corporation, and the Act of 1836, ch. 26, in the 2d and 3d sections, points out the mode by which corporations are to be proceeded against. The 2d section provides: “that in all actions or suits which may be instituted against any corporation, it shall be sufficient to issue a summons to the sheriff, or other proper officer, reciting the cause of action, and sximmoning the said corporation to appear and answer the same, &c., which summons shall be returnable in like manner, and subject to the same rules and regulations, as other original process.”
 

 The 3d section provides how this summons shall be served, to wit: on the president, &c., “ shall be deemed sufficient service”, and “ the return of such service, &c., shall be sufficient, and on the return of such
 
 summons,
 
 &c., the same proceeding to a final judgment shall be had against
 
 such corporation,
 
 &c.”
 

 
 *61
 
 This, then, is the mode established by the Legislature, as that by which a creditor of a corporation is to proceed to recover a claim against it. It is manifest, in the case before us, that it has not been pursued. The Manteo Company was no parly to the proceedings, and had no appearance in court. Their property, therefore, could not be taken to satisfy the execution. The case agreed states “if the Court should be of opinion that the officer was justified in levying the execution on the property of the Manteo Manufacturing Company, then, judgment of nonsuit should be entered; and if .the Court should be of a contrary opinion, then judgment is to be entered for the plaintiff for $230. Ilis Honor, being of opinion that the officer was justified, gave judgment of nonsuit against the plaintiff. In this there is error. The j udgment is reversed, and a judgment is given for the plaintiff for $230. See Story on agency.
 

 Per Curiam.
 

 Judgment reversed.