## WINGATE v HERSCHAUER.

1. **Judicial Sale:** STATUTE OF FRAUDS: ADMINISTRATOR. A sale of real estate at auction under an order of the proper court is within the statute of frauds.

2. ——: ——: ——: AGENT. Where the administrator served as auctioneer at a judicial sale of realty belonging to his decedent's estate, and made and signed a memorandum containing the terms and conditions of the sale, it was *held* that the administrator was disqualified by his interest in the estate from appearing as the agent of the purchaser, and that the latter would not be bound by the memorandum.

*Appeal from Wapello Circuit Court.*

FRIDAY, MARCH 24.

ACTION to recover the difference in price of certain real estate sold by plaintiff at auction, which defendant refused to

pay for and which was resold. Defense: statute of frauds.
Judgment for plaintiff. Defendant appeals.

*Stiles & Burton* and *J. V. Wingate*, for appellant.

The statute of frauds was not intended to cover a sale made
under a decree of court, and such sale is not within the statute.
(Rorer on Jud. Sales, § 129; *Fulton v. Moore*, 25 Pa. St., 468;
*Halleck v. Grey*, 9 Cal., 181; *King v. Gunnison*, 4 Barr, 171;
*Nat. Fire Ins. Co. v. Loomis*, 11 Paige, 431.) The rendition
of a judgment is a judicial act; its entry upon the record is
ministerial. (*Matthews v. Houghton*, 11 Me., 377; *Fish v.
Emerson*, 44 N. Y., 376.) A judgment is not what may have
been entered, but what was determined or ordered. (*Davis v.
Strawn*, 1 Phill. (N. C.), 18.) Respecting the right of plain-
tiff to maintain an action for the difference in price upon a
resale of the property, see *Cobb v. Wood*, 8 Cush., 228; *Mur-
ray v. Adams*, 14 Mass., 327; Rorer on Jud. Sales, § 160.

*H. B. Hendershott*, for appellee.

A sale of real estate made by an administrator is within the
statute of frauds. (*Bozza v. Rowe*, 30 Ill, 198; *O'Donnell v.
Leeman*, 43 Me., 158; *Pike v. Balch*, 38 Me., 302; *Bailey v.
Ogden*, 3 John, 309; *Davis v. Rowell*, 2 Pick., 64; *Morton v.
Dean*, 13 Met., 385; *Bent v. Cobb*, 9 Gray, 397; *Horton v.
McCarty*, 53 Me., 394.)

SEEVERS, CH. J.—There is but a single question involved in
this case, and that is whether a sale of real estate at public
auction by an administrator under the order and
direction of the proper court is within the statute of
frauds, and if so, whether the administrator, being
himself the auctioneer, can make and sign a memorandum in
writing containing the terms and conditions of the sale, which
will be binding on the purchaser. The language of the statute
being that the writing must be signed by the party charged,
or his lawfully authorized agent, there is no doubt but that
an auctioneer having no interest except as such may sign such

Wingate v. Herschauer.

writing and thereby bind both parties. In this case the only writing made or signed was executed by the plaintiff, the only person in whose name the contract could be enforced, and this action is brought for that purpose. When it is remembered that the writing cannot be varied or contradicted by parol testimony, it would seem to be contrary to every just principle to sanction such a course. The plaintiff has a certain and direct pecuniary interest in sustaining the sale, in the shape of fees and commission at least. To permit him to bind the defendant hand and foot by a writing, or to designate him as the agent of the defendant, seems to us to be subversive of every principle of justice. Many conflicting decisions have been made by courts of the highest respectability in construing the various provisions of this statute, but it is said: "One rule, however, is settled that neither party can be the other's agent, and it makes no difference if the intended agent stands merely in a fiduciary relation so long as he is the proper one to sue on the contract." Browne on Frauds, Sec. 367. And where the writing was made by the vendor and read to the agent of the vendee, and assented to by him as correct, it was held not to be sufficient. *Bailey et al. v. Ogden*, 3 Johns., 399. It was held in *Bent v. Cobb*, 9 Gray, 397, that a guardian selling land under a license of the proper court, who acted as auctioneer, could not make and sign a writing containing the terms and conditions of the sale that would be binding on the purchaser. And this we believe to be the prevailing and better doctrine. The judgment of the Circuit Court is, therefore,

AFFIRMED.