## Robinson *v.* Francis's Administrator.

A party who files a bill of discovery under the statute, in an action at law, admits that he cannot prove the facts except by the answer of his adversary, and the answer is conclusive, and cannot be contradicted.

Where an answer to a bill of discovery had been on file for some time, it was held that the plaintiff could not object to going to trial on the ground that he was surprized by its being produced at the hearing.

An answer to a bill overrules a demurrer previously filed.

Where a demurrer to a bill of discovery was withdrawn, and it did not appear at what time it was done; held, the presumption must be that it was withdrawn before the cause was submitted to the jury.

IN ERROR from the circuit court of the county of Hinds. ·

This was an action of assumpsit brought by Francis in his life time against the defendant upon a promissory note. At the December term, 1839, of the circuit court of Hinds county, the defendant filed a petition for a discovery, to which an answer was filed on the 24th of March, 1841. At the June term, 1841, of the court, the cause was tried, and a verdict rendered in favor of the plaintiff. The proceedings upon the trial form the grounds of the errors complained of. The bill of exceptions stated, "that when this cause was called, the defendant's counsel said that he should ask the court to take the bill of discovery for confessed, for want of an answer to which the plaintiff's counsel replied no, that he should demur to the bill, and proceeded to draw a demurrer, and defendant's counsel remarked that he should join in demurrer; but before these things were done, it was discovered an answer had been filed amongst the papers, whereupon plaintiff's counsel withdrew his demurrer, and the cause was submitted to the jury. The defendant, by counsel, asked the court to instruct the jury that they were to take the petition and answer, and to give the

Robinson *v.* Francis's Administrator.

petition such weight as in their judgment the petition unanswered was entitled to. But the court decided that the petition was not evidence, and could not go to the jury as such." To this charge the defendant excepted.

The jury having given verdict for plaintiff, the defendant entered a motion for a new trial, on the following grounds, viz:

1. The defendant ought not to have been forced into trial at this term, as the answer of Ranny was discovered as being in existence by counsel of plaintiff and defendant, and defendant had had no time to take depositions or other proof in support of the petition.

2. On ground of surprize on finding the answer filed.

3. This is not the proper term for the trial of said cause, under the circumstances of the case.

Defendant's counsel made an affidavit, stating that he was taken by surprize by finding the answer of the plaintiff after the cause had been submitted to the jury. The motion was overruled, and the opinion of the court excepted to.

HARNEY, for plaintiff in error.

1. Defendants below ought not to have been forced into trial at that time. It will be perceived that the answer had been filed since the last continuance. The bill of discovery must be prosecuted and defended as though it had been filed in the chancery court. After the answer comes in, the defendant ought to have a reasonable time to refute, by circumstantial or other testimony, the answer. Otherwise, the defendant might sustain irreparable injury by the perjury of a reckless plaintiff. In this case, defendant had had no time whatever to procure circumstantial evidence, as he might have done, to refute some statements in the answer. He and plaintiff at the moment of the trial discovered that the answer was in.

2. Defendant was taken by surprise on finding the answer had been filed. This should not be attributed to the negligence of defendant, because it applies equally to plaintiff.

3. That was not the proper time for a compulsory trial. In chancery, a party complainant ought not to be forced to set down his cause for final hearing at the term next succeeding the filing

of the defendant's answer. But he ought to have time to procure testimony to disprove the answer.

4. The court ought to have given the instruction asked by defendant, viz: "that the jury were to take the petition and answer and to give the petition such weight as in their judgment the petition *unanswered* was entitled to." This instruction is in strict accordance with a decision of the High Court, in the case of Taylor *v.* Matchell, in 1 Howard, 596. That there are some material allegations in the petition which were not answered, will be seen by reference to the petition and answer.

5. Plaintiff ought not to have been permitted to withdraw the demurrer after the case had been submitted to the jury on the demurrer.

HUGHES, for defendant in error.

1. The burthen of complaint seems to be, that the defendant below was taken by surprise when the trial was brought on, by finding that an answer had been put in to the bill of discovery filed by him. That he had no opportunity to disprove the allegations of the answer. To this it is only necessary to reply, that he had no right to other testimony than that furnished by the answer, as the bill of discovery could only be allowed because he had no other means of proving the facts charged. The discovery on bill or petition is to be granted in the circuit courts in cases where, by the rules of equity, a discovery would be allowed in a court of chancery. See Acts of 1828, chap. 90, sec. 1, Mississippi Laws, 162.

By the rules of equity, a discovery is not compelled where there are witnesses to prove the facts sought to be discovered, and the witnesses can be compelled to testify. Gibson *v.* Hoyt, 1 J. C. Rep. 543. And when a bill of discovery is allowed now, under the act of 1828, the party has made his election, and he will not be permitted to withdraw from his position. To permit him to do it, would be to give encouragement to perjury, and to the making of experiments.

The counsel for plaintiff in error insists that the court erred in refusing to charge the jury as asked by him, "that the jury were to take the petition or bill of discovery, and the answer, and to

Robinson *v.* Francis's Administrator.

give the petition such weight as in their judgment *unanswered* it was entitled to," and to sustain the position assumed in the instruction asked for in the case of Taylor *v.* Matchell, 1 How. 596.

In that case, the court do not go the length that the counsel think they did. The rule laid down in that case is, "that no rule is better settled than that the material allegations of a bill which are neither admitted nor denied by the answer, are to be taken as true." Again, say the court, "the only charge given was, that the jury might give such weight to the parts of the bill not confessed or denied by the answer as they might think it entitled to. This was putting it on the most favorable ground for the plaintiff." This, however, does not go the length insisted by the counsel on the other side. The court, in Taylor *v.* Matchell, say, that the parts of the bill unanswered were to have such weight, as evidence, as the jury might think them entitled to; and the counsel insist that this case may be read to prove that the court ought to have told the jury that they were to take the bill and answer, and give such weight to the bill as in their opinion it would be entitled to, if it was unanswered. In other words, the jury must consider the answer not on the file, and a pro confesso taken, and then read the answer as evidence. But if the case of Taylor *v.* Matchell can be tortured into an authority for sustaining any thing like the position insisted upon, the court should now give such limitation to the rule laid down by it, as a true construction of the statute will authorize. What is that construction? If the court, in Taylor *v.* Matchell, intend to say, that, when an answer has been filed to a bill, such facts as are not answered are to be taken as true, without some previous action of the plaintiff in the bill, and by the court, then it is submitted, that the rule is improperly laid down. But if by what is said in that case it was only intended to say, that, where exceptions were taken to the answer for insufficiency, and the exceptions were sustained, and the defendant failed to answer to the exceptions, and the bill is taken for confessed, that the allegations of the bill were taken as true, the rule is correctly laid down.

The latter part of the second section of the act is in these words: "and if said person or persons, so by the order of said court rendered liable to make discovery as aforesaid, on the return

of a subpœna duly served, shall neglect or refuse to make the same as by this act is required, the facts stated by said petition, concerning which a discovery was prayed, shall be taken as confessed, and go to the jury as though the same had been admitted by such person or persons under oath." If a discovery is not made as by the act is required, that is, a full discovery, then the facts stated in the bill or petition are to be taken for confessed, and go to the jury as testimony. But before they go to the jury, by some act of the court, they are to be taken for confessed. The jury are not to judge of what are or are not taken for confessed, but the court is to judge, as in all other cases, as to the competency of the proof.

Were the rule insisted upon on the other side the true one, then the jury would have to look into the bill and answer, see what the facts were about which a discovery was sought, then determine whether they were sufficiently answered, and if not fully answered, take the same for confessed. The correct practice should be this: When an answer is filed, the court should require of the plaintiff in the bill to look into it, and see whether it was full and complete; if not, then to except to it; upon which exception the court should pass, and if the answer was not full, order the defendant as to the matter of the exceptions to answer immediately, because the statute requires the facts to be taken for confessed, in the event that the answer is not filed at the term in which an answer is required. And if the answer is not filed, then to take the facts for confessed. Or where no answer at all is filed, and process has been served or notice given, take the bill for confessed. Then in either case the court performs its legitimate duty, judges of the competency of the proof, and the jury pass upon the facts, and have nothing to do with the law. This is the general practice on bills in courts of equity; but as to bills of discovery it was not so, before the passage of a late British statute. The English court of chancery could not take bills of discovery for confessed, and thereby give to the *pro confesso*, the effect of an answer admitting the allegations of the bill, but the party had to be pursued by process of contempt to force an answer. See Caines *v.* Fisher, 1 J. C. R. 8–9; 1 Smith's Ch. Prac. 190–1–2.

Now, by this late statute in England, the bill on failure to

answer may be taken for confessed. But were a bill now filed in the court of chancery of England for discovery, in aid of an action at law, it would scarcely be thought the proper practice under that act of parliament, to go into the court of law and insist that the bill was evidence in the action, without showing a formal order *pro confesso*. So under the statute, before its enactment upon a bill of discovery, a *pro confesso* could not be taken, that could be read and give to the bill the effect of an answer, but the statute steps in and gives it that effect, but the bill is first to be taken for confessed, and then it is evidence. The only difference between our statute and the English statute is, that the *pro confesso* under one is to be taken in a court of equity, and the other in a court of law. In both, however, the act has first to be done by the court. The court has to judge first whether the subpœna has been served, whether the party has had actual or constructive notice of the filing of the bill, whether any or any sufficient answer has been filed, and then if the party is entitled, give him an order *pro confesso*, when and not before, and only then, can the bill or petition be read as evidence.

Mr. Justice CLAYTON stated the case, and delivered the opinion of the court.

The first cause of error assigned is, that the defendant ought not to have been forced into trial at the term at which it took place. A sufficient answer to this is, that it does not appear that a continuance was asked for. But it is said it was erroneous to force the defendant to trial, because he was entitled to one term after the answer filed to take testimony to disprove it. The party who files a bill of discovery, always admits that he cannot prove the facts except by the answer of his adversary; and that answer is conclusive upon him. He is not permitted to contradict it.

The next error assigned is, that the defendant was taken by surprise in consequence of the finding of the answer. It had been on file nearly three months; and if in that time the defendant had not discovered it, its production cannot be regarded as operating that sort of surprise which is ground for a new trial.

Another cause assigned is, that the court refused to give the charge which was asked of it, and the case of Taylor *v.* Matchell,

Robinson *v.* Francis's Administrator.

1 Howard, 596, is relied on in proof of the error. In that case the court says: "that the material allegations in a bill, which are neither admitted nor denied by the answer, are to be taken as true;" and that the charge of the court below to that effect was correct. But in this case the answer denies all the material allegations of the bill, and the court was in substance asked to take the answer off the file, or to direct the jury to disregard it, because the counsel had not sooner discovered it. We are not aware of any rule of law which would have justified the court in such a course.

The only remaining cause is, that the court erred in permitting the plaintiff to withdraw the demurrer after the cause had been submitted to the jury. There is some confusion in the different parts of the bill of exceptions, so that it may be a little uncertain whether the demurrer was withdrawn before or after the cause was submitted to the jury. In the part of the exceptions quoted, it is distinctly stated that it took place before the submission. This too would be the regular course of proceeding, as all demurrers, especially of that kind, should be disposed of before the cause is put to the jury. Unless it should very clearly appear that a different course was pursued, this court could not reverse, because all presumptions are to be made in favor of the regularity of the proceedings in the court below. But even if it appeared the demurrer was withdrawn whilst the case was before the jury, it would not be ground for reversal. Where there is an answer on the file, as well as a demurrer, the answer overrules the demurrer. Mitford's Pl. 209. The court could not, therefore, when the two were before it, do otherwise than disregard the demurrer.

We do not think there is any error in the proceedings of the court below, and therefore direct the judgment to be affirmed.

Judgment affirmed.