J. L. WILLIAMS and wife v. J. W. JOHNSTON, et als.

*Assignment of Error—Agent—Husband and Wife.*

1. The rule is again stated, that exceptions must be specific, and directly point to the ruling alleged to be erroneous, or they will not be considered, unless they be to the Judge's charge, when he undertakes to explain the law to the jury, and does so erroneously.

2. The mere fact that a wife has constituted her husband her general agent, does not wa.rant a presumption that she authorized him to settle a debt due her, in a manner which enures entirely to his own benefit.

3. When there is no error apparent in the record, this Court will not interfere with the judgment upon speculative reasoning as to how the jury arrived at their verdict.

(*Williams* v. *Johnson,* 92 N. C., 532 ; *Williams* v. *Whiting,* Ibid., 691 ; *Frye* v. *Currie,* 91 N. C., 436 ; *Bost* v. *Bost,* 87 N. C., 481, cited and approved).

CIVIL ACTION, tried before *Shepherd, Judge,* and a jury, at January Term, 1886, of the Superior Court of HALIFAX county.

There was a verdict and judgment for the plaintiffs, and the defendants appealed.

The facts appear in the opinion.

*Mr. R. O. Burton, Jr. (Messrs. Spier Whitaker* and *R.* B. *Peebles* were with him on the brief), for the plaintiffs.

*Messrs. John A. Moore* and *W. H. Day,* for the defendants.

SMITH, C. J. When this case was before us on a former appeal, 92 N. C., 532, upon the single issue of the payment of a debt due the *feme* plaintiff by the sale of trees to her husband for his individual use, he being her general business agent, this Court thus declared the law :

"An agency, however comprehensive in its scope, nothing else appearing, comtemplates the exercise of the powers conferred for the benefit of the principal. It implies a trust and confidence, that the delegated authority will be employed in the honest and faithful discharge of the duties appertaining to the fiduciary relation thus established."

Again, "An agency involves integrity and fidelity in the agent, an exercise of power not for his own, but in the interest, and for the intended benefit of him who confers it." *Williams* v. *Whiting,* 92 N. C., 691.

Upon the second trial awarded, these issues were submitted and passed upon by the jury:

"I. Has the plaintiff's judgment, described in the complaint been paid? Answer, No.

"II. Has any part thereof been paid, if so how much ? Answer, $14.80."

It was conceded that $153.75, proceeds of a sale of land to William Smith, and $28.37, derived from certain notes, had been thus appropriated, and these were withdrawn from the consideration of the jury.

The controversy was mainly directed to an inquiry, as to the number of trees cut on the defendants' land by the plaintiff, James L., for his own use, and to supply his own steam mill, and whether the price contracted to be paid, should be applied to his wife's judgment debt. The plaintiff James L., fixed the number at 476, while the defendant made the number much larger, sufficient indeed, to discharge the whole judgment. There was conflicting testimony as to the contract and mode of payment, the defendants' evidence tending to prove that the application of the money was, by the contract, to be credited on the judgment, and also declarations of the *feme* plaintiff were shown, to the effect that the trees had been paid for, and had cost her husband nothing, and further, that "she bought the trees of her uncle John W. Johnston, with the intention of his paying her an old debt." The plaintiffs, on their examination, contradict these statements—both denying that any authority to thus dispose of the money was given by the *feme* to her husband; the said James L. denying that he made any such contract in purchasing the trees, and the wife denying that she made the declaration imputed to her by the witness.

The Court charged the jury, as follows: A husband may be the agent of his wife, for the purpose of managing her business, including the collecting and settlement of her debts due to her, and she may authorize him to take trees, or other property in part or in full satisfaction of her indebtedness, but if she merely authorizes him to collect her debts, and this is the extent of the agency, he has no right to bind her by an agreement to discharge the debt by the delivery of trees or other specific property, unless she afterwards received the property, or assents to and ratifies the act of her agent. A married woman has no right to make a contract to bind her personal or real property, unless it be in writing, and with the written assent of her husband, but she may collect and receive what is due her without such written consent, and she may, without such written consent, authorize her husband to collect her debts, as her agent, and receive payment

thereof, either in money, or property. What was the agency, if any here? This you must infer from the alleged declaration and act of Mrs. Williams, and all the circumstances in evidence; if the defendant has failed to satisfy you by a preponderance of evidence that Williams was the agent of his wife to collect this judgment, you will find against him. If he was such agent, and it was simply to collect the debts and nothing more, then he could only receive money, and you will find the first issue in the negative, but if you are satisfied that she afterwards knew of the alleged agreement to take trees in payment, and having such knowledge, assented thereto, and permitted her husband, as her agent, to receive such trees, in pursuance of such agreement, then the defendant is entitled to credit for the trees, at contract price, and you will so find.

But, if you find that Williams had authority from his wife to receive property, other than money, in payment of the judgment still he had no right to apply such property to his own use, and if the agreement was that the trees were to be used by Williams in his own business, and there is no evidence to the contrary, it would be a misapplication of the property, and this being known to the defendant, and there is no evidence to the contrary, it would be a fraud upon her rights, and it would be no payment, unless subsequently, after having full knowledge of the transaction, Mrs. Williams assented to, and ratified the same.

If you should find that the trees were paid for by Williams, by the account of Williams against J. W. Johnston, which Williams, has exhibited, then there was no settlement of the judgment sued on, by the trees.

The plaintiff asked the Court to charge the jury, that there is nothing in the evidence of Mrs. Williams, to show that she authorized her husband to make the agreement claimed by the defendant, or that she ratified it after it was made, if made at all. The Court charged the jury that there is nothing in the evidence of Mrs. Williams to show that she expressly author-

ized her husband to make the agreement claimed by the defendant, or that she ratified it after it was made, if made at all, but the jury may consider the testimony as to her husband having full control of her affairs, in connection with the other evidence, as to the extent of the agency, and other circumstances deposed by the witnesses."

At the close of the charge the defendant handed up a written request for the following instructions:

"If J. L. Williams, with the consent of his wife, had full management and control, without restriction, of the debt declared on, he had a right to collect the judgment in timber trees; and if he so received them, the payment of the trees was valid."

The Judge remarked, that the request came too late; and declined to give it, but on examining it, remarked that it was probably covered by the charge.

Upon the rendition of the verdict, the defendants moved for a new trial, upon the ground of the exceptions taken, and for errors in the charge. The motion was overruled, and judgment rendered, from which the defendants appealed.

We have too often said to need repetition, that exceptions must be specific, and directly point to the ruling alleged to be erroneous, and intended to be reviewed, or they will not be considered. The only exception is that arising under the words of the statute. The Code, §411, par. 3, and interpreted in *Frye* v. *Currie*, 91 N. C., 456, to apply only to such an instruction as involves "an erroneous statement of the law," several and distinct, as such.

In *Bost* v. *Bost*, 87 N. C., 481, the appellant insisting upon his right to enter a general exception to the charge, it was sent up, *in extenso*, and the Court said: "We cannot recognize this method of assigning errors, and bringing them up for review. It is neither just to the appellee, nor to the trial Judge, to remain silent until the final result of the trial is reached, and then seek for error, which if brought to notice, might have been corrected at once; still less can a single exception be taken and entertained

in the appellate Court, to an entire charge, traversing perhaps the whole case, and consisting of a series of propositions, to none of which it is specifically addressed."

The departure from this wholesome rule, made in The Code, will not be allowed, beyond the assigned limits therein established.

The specific instruction, except so far as it is covered in the charge, was properly withheld, since it is repugnant to the principle laid down in the other appeal, unless under the qualifications mentioned in the charge. To be binding upon the wife, she must have conferred authority to do the act, or recognized and sanctioned it, after full information of the transaction, and this is not an inference warranted by the mere constitution of a general agency in the management of her business.

Exception is taken to the expression in the charge, "and there is no evidence to the contrary," that is, in opposition to the testimony that the trees were to be used by the husband in his own business. The evidence adverted to in the argument for appellant, tending to show that the *feme* consented to let the purchase money go in reduction of her judgment, is not inconsistent with the proof that the husband bought and used the trees, even if they were to be paid for with her means for him.

It was suggested for the plaintiffs, that the jury, in estimating the amount paid, have in fact allowed credit for the trees, according to the number stated by the said James L. to have been cut and used. The result is reached by deducting from the price of the 476 trees at 25 cents each, $119.00, the account claimed by him $104.20, the excess is the precise sum $14.80 found by the jury to have been paid by the defendants.

This may be so, but the reasoning is speculative, and forms no basis for judicial action. We put our decision upon the ground, that there is no error for correction in the appeal, set out in the record.

The judgment must be affirmed.

No error.                                              Affirmed.