### F. E. SHOBER v. W. H. WHEELER et al.

*Fraudulent Conveyance—Parties—Discretion of Trial Judge—Witness—Testimony—Practice—Exceptions to Charge—Inadequacy of Price.*

1. Where, at the call of a case for trial in the Court below, it appeared that the plaintiff was willing to proceed without certain mortgagees of defendant being made parties, and that defendants had excepted to a former order of the Court directing such mortgagees to be made parties, and that the validity of the mortgages could not be affected by the result of the trial, it was a matter entirely within the discretion of the trial Judge to determine whether or not the cause should be tried before some of the mortgagees were brought in.

2. A party who has examined his adversary under the provisions of section 581 of *The Code*, is not compelled to use the testimony on the trial, nor does he, by such examination, make such adversary his witness.

3. Objection to testimony is obviated where the objecting party, by his own witness, afterwards substantiates the testimony so objected to.

4. In the trial of an action to set aside a deed as fraudulent, a tax return made by the grantee, in which he did not return the land as his, was properly admitted for the consideration of the jury, it being *some* evidence that the grantee did not consider himself as the owner of the land.

5. The decision of the trial Judge as to which party shall open and conclude argument to the jury (the defendant having introduced evidence) is final and not reviewable.

6. It is within the discretion of the trial Judge whether he will consider or ignore prayers for special instructions to the jury handed to him after the time prescribed therefor.

7. Exceptions to a charge should be specific; therefore, where a charge contains numerous distinct propositions, an exception "for misdirection in charging the jury as requested by plaintiffs, which charge is recited above," is too general and will not be considered.

8. While inadequacy of price will not *per se* vitiate a sale made by an insolvent to a near relative, or to another, unless so gross as to appear that the purchaser got the property for nothing, yet it is always a suspicious circumstance in a transaction by an insolvent, and justifies careful scrutiny, and the greater the discrepancy the greater the suspicion.

This was a CIVIL ACTION, tried before *Winston, J.*, and a jury, at the August Term, 1893, of FORSYTH Superior Court.

The action was to set aside two certain deeds set out therein from W. H. Wheeler to Ann J. Wheeler and W. H. Wheeler to E. H. Jennings.

No. 1. At the May Term, 1891, on motion of Watson & Buxton, plaintiff's counsel, the point having been raised by Jones & Kerner, attorneys, in the answer of the heirs at law of Ann J. Wheeler, as appears in the record, his Honor Judge John G. Bynum made an order in the cause that certain mortgagees of the lands set out in the pleadings were necessary parties, and ordered them to be brought in by process of the Court, as appears by the said order, to which order defendant excepted, and had his exceptions noted on the record of the Court. On calling the cause for trial at August Term, 1893, defendants Wheeler and wife and Jennings (Mrs. Ann Wheeler and Mrs. Jennings not being alive), insisted that the cause could not be tried, as some of the said mortgagees were not brought in or in any way made parties to the suit, and the cause did not stand for trial until they were made parties. His Honor thereupon decided to try the cause, as the mortgagees did not object, and ordered the cause to be proceeded with. To this defendants excepted.

No. 2. It appeared to the Court by admissions of counsel for the plaintiff that the evidence of W. H. Wheeler had been taken before the Clerk of the Court under the provisions of *The Code,* § 581, to be read in evidence in this cause, and the same was fully recorded by the Clerk, and on file in the cause, and a copy thereof in the hands of plaintiff's counsel during the examination of said W. H. Wheeler; that during the progress of the trial W. H. Wheeler testified in. his own behalf, and on cross-examination plaintiff was permitted to ask the following questions:

" Was not your mother old and feeble and subject to your

influence at the time of the sale to her?" Answer: "Not subject to my influence."

"Did you not tell Mr. Buxton that you did not intend to pay the Shober debt?" Answer: "No."

"Did you not intend to convey all your real estate to avoid this judgment?" Answer: "No."

Defendants objected, for that they were impeaching questions, and plaintiff could not impeach the witness, as he had his testimony, and made him his own witness. The Court overruled the objection, for that the evidence of Wheeler taken before the Clerk was not read in evidence in the case, and plaintiff was allowed to proceed with the examination, and the defendants excepted.

No. 3. In order to show the insolvency of W. H. Wheeler at the time of the alleged deeds from him to Ann J. Wheeler, dated November 27, 1887, and to E. H. Jennings, dated the __ day of _____, 188_, plaintiff offered in evidence an execution issued on a judgment in the Superior Court of Forsyth County, in the case of F. E Shober *v.* W. H. Wheeler (it being the judgment now sued on) to the Sheriff of Forsyth County, and the return of the Sheriff thereon, allotting homestead and personal property exemptions and a return of nothing found in excess, said execution bearing date the 2d day of January, 1889, and the Sheriff's return thereon bearing date __ day of _____, 188_.

Defendant Jennings and others objected, for that the same was incompetent; that it was not a record; that if a record, it was *res inter alios acta,* and not competent in the cause, as there were other parties to the suit at bar. The Court admitted the evidence and defendants excepted.

The defendant W. H. Wheeler, put upon the stand afterwards, stated that his homestead was laid off by the appraisers 2d January, 1889, and that he had no personal property at said date in excess of the exemptions allowed him by law and assigned him by the said appraisers.

No. 4. To show the insolvency of W. H. Wheeler and E. H. Jennings at the time of the alleged deeds, and also that after said date said Jennings did not consider the lands his own, plaintiff offered in evidence original tax returns, admitted by Wheeler and Jennings to have been signed by them, of Forsyth County for the years 1887, 1888, 1889, 1890, showing that the property was not listed by Jennings.

Defendants W. H. Wheeler and E. H. Jennings objected. Objection overruled. Defendants excepted.

No. 5. At the opening of the trial, and before the evidence was in, the plaintiff and the defendant tendered issues, the plaintiff admitting that the issues tendered by the defendant were about correct. His Honor stated that the issues tendered by the defendants would be adopted, which were as follows:

"1. Was the deed from W. H. Wheeler to Ann J. Wheeler made with the intent to hinder, delay or defraud the creditors of W. H. Wheeler?

"2. Did the said Ann J. Wheeler have any knowledge of any alleged fraudulent intention?

"3. Was the purchase by Ann J. Wheeler *bona fide*, and the consideration paid for the property a fair price for all the land at the time the deed was made?

"4. Was the deed from W. H. Wheeler to E. H. Jennings made with the intent to hinder, delay or defraud the creditors of W. H. Wheeler?

"5. Did the defendant E. H. Jennings have knowledge of any such alleged fraudulent intention?

"6. Was the purchase by E. H. Jennings *bona fide*, and the consideration paid for the property a fair price for the land at the time the deed was made?"

At the close of the testimony the Court, of its own motion and by consent, struck out issues Nos. 3 and 6.

No. 6 It appears from the pleadings in the cause that the defendant admitted the execution of the deeds alleged to

have been made by W. H. Wheeler to Ann J. Wheeler and E. H. Jennings, and the relationship was admitted, to-wit, that W. H. Wheeler was the son of Ann J. Wheeler and the father-in-law of E. H. Jennings.

Defendants then contended that they were entitled to the opening and conclusion in the argument. His Honor denied the defendants' motion and permitted the plaintiff the right to open and conclude, charging that the affirmative of the issues was on the plaintiff, and defendants excepted to the ruling declining to permit the defendants to open and conclude.

No. 7. After the close of the testimony, and after the argument had begun and one speech had been made for the plaintiff and two speeches for defendants, Mr. Ball, counsel for plaintiff, presented to the Court written instructions—special instructions to the jury—and requested the Court so to charge.

In his charge his Honor gave the instructions prayed for by Mr. Ball, and also fully arrayed the evidence for the defendants by calling attention to the fact that both W. H. Wheeler and E. H. Jennings swore that there was no intent on their part to defraud anyone, and especially the plaintiff, in this suit; that they sought to show how Mrs. Wheeler was a creditor for a large amount of Dr. Wheeler, he having borrowed of her about $5,000 insurance money at one time and other sums of money arising from the sale of her Davie lands; that the statement of the insurance transaction was corroborated by Colonel Alspaugh, by whom the $5,000 insurance check was cashed; that the defendant Wheeler swore that the sale of the land to his mother was a fair and honest transaction and for a full and adequate price, and that R. J. Reynolds had testified with reference to the value of the lands, which the jury would consider.

The Court also fully arrayed the testimony as bearing on the Jennings transaction, and charged the jury that while they were parties to the suit and hence interested in the result

of the action, and on that account their statements were to be carefully weighed by the jury, still if the jury believed that they spoke the truth their testimony was entitled to the same weight as if they were not parties.

There was evidence tending to show fraud in the said transaction, and evidence tending to show the absence of fraud; also evidence bearing *pro* and *con.* upon the knowledge of Mrs. Ann J. Wheeler and E. H. Jennings of said fraud.

There was verdict for the plaintiff. Defendants moved for a new trial; for error in the rulings of the Court as set out in exceptions above stated, Nos. 1, 2, 3, 4, 5, 6 and 7, and for misdirection to the jury in charging the jury "*as requested by plaintiff, which charge is recited above.*"

The Court, among other things, charged the jury:

"Every sale of property by a son to a father or other near relative at the time embarrassed with debts beyond his ability to pay them, is not necessarily fraudulent and void as to his creditors.

"If the mother honestly buys the land from the son in such circumstances, and pays for it at a fair price, such a sale is good and valid as to everybody, and it stands on the same footing as if it had been made to a stranger.

"There is no reason why a son unable to pay his debts may not sell his property to his mother or other near relative, and the only difference between a sale between near relatives and strangers is that close relationship, if the good faith of the transaction is questioned, is a circumstance of suspicion and evidence tending to show a fraudulent intent."

The Court likewise charged the jury that when the grantee in an absolute deed, such as the one in suit, pays a valuable consideration, his title is good, although the grantor executed it with the intent to hinder, delay and defraud his creditors, if the grantee had no knowledge of the fraudulent intent at the time it was executed.

The Court, by way of illustration, charged the jury that if a man, being insolvent, executed a deed to a near relative for a tract of land worth, say $3,000, and received only $2,500 therefor, this discrepancy between the real value and the price obtained was a suspicious circumstance, and that it was more suspicious as the discrepancy was greater.

The defendants excepted to this part of the charge.

The defendants asked no special instructions of the Court. Motion for judgment by defendants denied. Defendants excepted, and after judgment for plaintiff, defendants appealed.

*Messrs. Watson & Buxton,* for plaintiff.

*Messrs. J. S. Grogan* and *Glenn & Manly,* for defendants (appellants).

BURWELL, J.: We will consider the defendants' exceptions *seriatim* as set out in the case on appeal.

1. It was a matter entirely within the discretion of his Honor to determine whether or not the cause should be tried before some of the mortgagees were brought in. The plaintiff was willing to try the case with the parties then in Court. The defendants had excepted to the order made at the instance of the plaintiff to bring in the mortgagees, thus insisting that they were not necessary parties. Plaintiff seems by his action to have conceded that that exception was well taken, in part, at least, and thereupon it was for his Honor to say if a trial should then be had. If any good cause for a postponement had been shown, no doubt it would have been granted. It appears from the record that the mortgages spoken of were put upon the lands prior to the alleged fraudulent transfer by the mortgagor to his mother and son-in-law. Their validity is not in any way affected by the verdict and judgment.

2. The fact that the plaintiff had examined the defendant W. H. Wheeler, under the provisions of section 581 of *The Code*, did not compel the plaintiff to use that testimony on the trial, nor did it make that defendant in any sense the plaintiff's witness. But if so, we are unable to see how the defendants' cause could have been prejudiced by the questions and answers set out in this exception.

3 We think there was no good ground for this exception, but if there were, it was completely obviated by the subsequent testimony of the defendant, fully establishing the very fact which the plaintiff sought to prove by the evidence objected to here.

4. The tax return made by defendants was properly submitted to the consideration of the jury. If they really owned the land here in dispute, it was their duty to return it for taxation. That they failed to so return it was some evidence that they did not consider themselves as the owners thereof.

5. This exception was not pressed before us.

6. The defendants excepted " to the ruling declining to permit defendants to open and conclude." The decision of his Honor upon this point is not reviewable here. Rule 6.

7. His Honor might have insisted that the plaintiff's prayers for special instructions were handed to him after the time prescribed, and that he could not be required to consider them. That was his privilege under the rule. The defendants could have no right to object to his exercising that privilege, or his failure to do so.

8. This exception is " for misdirection in charging the jury as requested by plaintiff, which charge is recited above." A reference to the charge so "recited above," will show that it contains numerous distinct propositions. Exceptions should be specific. *Williams* v. *Johnston*, 94 N. C., 633. The evidence taken on the trial has not been sent up to us. It would be unjust to the appellees to allow the appellants, under such a general exception, to single out here some one

of the propositions contained in that charge, and insist that there appeared error in giving it, when if a specific objection had been noted, either on the motion for a new trial, or when the case on appeal was tendered by them, there might, perhaps, have been incorporated in the case evidence produced on the trial or other parts of the charge that would show the pertinence and propriety of that which is here pointed out as objectionable. We cannot, therefore, consider this exception; it is too general.

9. We find no reasonable objection to the illustration which his Honor used in his charge to the jury. Inadequacy of price will not *per se* vitiate a sale made by an insolvent to a near relative, or to another, unless it is so gross that the Court must sternly say to such purchaser that he got the property for nothing (*Fullenwider* v. *Roberts*, 4 Dev. & Bat., 278); but inadequacy of price, if found to exist, is always a suspicious circumstance in the examination into any transfer of property, for the very good reason that men do not usually sell their land for less than it is worth, and when we find them doing so, especially when insolvent, it is not unreasonable to look at such a transaction with suspicious scrutiny. And certainly, the greater the discrepancy, the greater the suspicion, until it reaches that point where, because of excessive inadequacy, the law stamps the pretended sale as no sale at all. We find no error, and the judgment is

Affirmed.