J. D. PHILLIPS, Admr. of M. M. MORGAN, v. INTERSTATE LAND COMPANY.

(Filed 14 November, 1917.)

1. **Corporations—Officers—Principal and Agent—President—Restricted Authority—By-Laws—Bills and Notes—Notes.**

    It may be shown, as between the original parties, that the payee of a note of a corporation took it with knowledge that the president's authority was restricted by the by-laws, requiring the counter-signature of the secretary, and that it was invalid, without consideration, and given only as accommodation paper.

2. **Same—Deceased Persons—Statutes.**

    A corporation, sued upon its note, executed by its president, defended upon the ground that it was for accommodation, therefore without consideration, and under its by-laws its validity depended upon the counter-signature of its secretary, of which the plaintiff had had previous notice. At the plaintiff's instance, the testimony of himself and of defendant's president and secretary was taken before the clerk. Revisal, secs. 865 and 866. The plaintiff died, and his administrator was made a party in his stead, and upon the trial it is held reversible error to exclude the testimony as taken before the clerk, offered by the defendant, as being a transaction or communication with a deceased person, contrary to Revisal, sec. 1631, and which tended to sustain the defense.

3. **Evidence—Statutes—Bill of Discovery.**

    The examination of an adverse party to an action, under Revisal, sec. 865, is a substitute for the former bill of discovery, and may be introduced in evidence by either party. Revisal, sec. 867.

4. **Same—Corporations—Principal and Agent—Interest—Dead Persons.**

    In an action on a corporation's note, made by the president, which was not countersigned by the secretary according to the requirement of the by-laws, the secretary is only an agent of the company, and his testimony as to notice of the by-laws does not come within the provision of Revisal, sec. 1631, as to a transaction or communication wtih a deceased person.

5. **Appeal and Error—Objections and Exceptions—Evidence Competent in Part.**

    A general objection and exception to the introduction of evidence competent in part will not be considered.

HOKE, J., concurring.

PHILLIPS *v.* LAND CO.

APPEAL by defendant from *Webb, J.,* at April Term, 1917, of SCOT-LAND.

This is an action upon a note, begun by the plaintiffs' testator. Before his death, and at his instance, A. A. James, the president, and W. L. Fields, secretary of defendant company, were examined before the clerk, under Revisal, 865 and 866. Their testimony was taken down in writing by the clerk, said Morgan being present, and filed in the case. The plaintiffs' testator filed his complaint, declaring upon the note. The answer alleged that the note was invalid as against the defendant, for the reason that it was an accommodation paper and without consideration, and for the further reason that its president, A. A. James, at the time of the execution of the note, advised said M. M. Morgan that the note was invalid as to the defendant company, because its rules and by-laws required all its notes to be countersigned by its secretary, which was not done in this case.

On the first trial the plaintiffs' testator testified fully in regard to the whole transaction between him and A. A. James touching the execution of the note. There was a mistrial, and on the second trial M. M. Morgan having died, his administrator, J. D. Phillips, was made a party to the action. He put the note in evidence, proving the handwriting of James and the defendant's admission that James was president when he executed the note. The defendant then offered in evidence the examination of James and Fields, taken before the clerk at the instance of Morgan, and upon objection by the plaintiff the examination was excluded.

The presiding judge found the following facts: "This case was tried before *Judge W. J. Adams* and a jury during the life of M. M. Morgan, which resulted in a mistrial, and in that trial M. M. Morgan testified as to the personal transaction and communication between himself and the said A. A. James, president of the defendant, touching the execution of the note sued upon. The evidence of the said Morgan was reduced to writing and is now in court as a part of the court file."

The defendant then called A. A. James as a witness to show the facts touching the execution of the note, but upon objection by plaintiffs he was excluded. The defendant then offered to show by its secretary that the note was not properly executed and that the defendant did not receive any consideration for the note. This was also excluded. The defendant then offered in evidence the entire testimony taken at the former trial, and it was excluded. The defendant then offered in evidence the examination of A. A. James and W. L. Fields, taken before the clerk, and the evidence of M. M. Morgan, subsequently given on the trial, which controverted the examination of James and Fields before the clerk. All of this was excluded, and the defendant excepted to the ruling in each instance.

The defendant also offered to show that while it had no written rules and by-laws, it had verbal rules and by-laws, which forbade the execution of notes in its name, except when attested by the secretary, and asked the witness, A. A. James, to state whether or not the Interstate Land Company at any of its meetings adopted rules prior to the execution of this note, governing the execution of notes. This was excluded, and also evidence was offered by the defendant to show that the witness, A. A. James, advised Morgan that he did not have authority to execute the note, and that there was no consideration for it, and that it was executed as accommodation paper. All this was excluded, and defendant excepted.

The court charged the jury that if they believed from the evidence in the case that James signed the note sued on, it would be their duty to answer the issue "Yes, $2,000, with interest thereon from 10 January, 1912." From the verdict and judgment the defendant appealed.

*E. H. Gibson and Walter H. Neal for plaintiff.*
*Cox & Dunn and Russell & Weatherspoon for defendant.*

CLARK, C. J. It is true that the president of the corporation is *ex vi termini* its general agent. *Bank v. Oil Co.,* 157 N. C., 307; *Davis v. Ins. Co.,* 134 N. C., 60. But his authority may be restricted by the by-laws of the corporation or its charter, and when the authority of the president to bind the corporation is challenged, his authority can be shown by proof, and it should be left to the jury to determine from the evidence whether the power exercised by the president was restricted in this case by its by-laws (*Bank v. Bank,* 10 Wallace, 644), and it was error to exclude evidence of such by-laws, and that M. M. Morgan had notice of such restriction. It was also competent as between the parties to show that there was no consideration for the note, and that it was merely accommodation paper. Revisal, 865, under which James and Fields, the president and secretary, were examined as adversary parties, at the instance of Morgan, it is true, did not make them witnesses for the plaintiff (*Coates v. Wilkes,* 92 N. C., 386; *Shober v. Wheeler,* 113 N. C., 377), nor did it compel the plaintiff to use such testimony on the trial (*Shober v. Wheeler,* 113 N. C., 370), but Revisal, 867, provides: "The party to be examined under the preceding sections may be compelled to attend in the same manner as a witness who is to be examined conditionally, and the examination shall be taken and filed by the judge, clerk, or commissioner, in like manner, and *may be read by either party on the trial.*"

If, therefore, M. M. Morgan had been living at the second trial, from which this appeal is taken, the above evidence of James and Fields, taken under Revisal, 865, could have been read in evidence for the

defendant. We know of no reason why it was rendered incompetent under Revisal, 1631. The object of that section is to close the mouth of a witness who is a party to the cause, or interested in its event, as to the transaction or a communication with a deceased adverse party, because the other party has no opportunity to be heard. But in this case the examination was taken by the instance of Morgan, who was present thereat, with opportunity to cross-examine the adversary witnesses, and he testified himself, and all the evidence duly taken down at such examination, both that of Morgan and of James and Fields, was offered in evidence in this case, and should have been admitted.

Furthermore, Morgan himself testified at the former trial, and it was error to exclude evidence of his testimony at that trial, coupled with the evidence of James and Fields.

The examination of W. L. Fields and his testimony as to the by-laws of the company was competent, even though that of James was excluded, for he was not a party to the transaction, but an agent, and, besides, was offered to testify as to matters which were not a transaction or communication between Morgan and the defendant. When objection is general, if any part of the evidence is competent and the incompetent part is not singled out, it is error to exclude. *S. v. Ledford,* 133 N. C., 722, citing *Barnhardt v. Smith,* 86 N. C., 479; *Smiley v. Pearce,* 98 N. C., 187; *Hammond v. Schiff,* 100 N. C., 175; 4 Jones Evidence, sec. 691; *Smith v. McGregor,* 96 N. C., 111.

This case differs from *Bank v. Oil Co.,* 157 N. C., 302, in several material respects. In that case the note had been assigned to plaintiff, before maturity, for value, and there was no notice that it was without consideration or that the president had no authority to sign without the signature of the secretary, and the transaction was in the ordinary course of business. There was evidence in this case that Morgan knew of this defect when he took the note from James; that there was no consideration; the transaction was not in the ordinary course of business, and the action is between the original parties.

In *Matson v. Melchor,* 42 Mich., 477, the deposition of the plaintiff, taken before the death of the defendant and relating to a personal transaction between them, was held competent. In *Coughlin v. Haeussler,* 50 Mo., 126, it is held: "Where the testimony of both parties, given at the first trial, is preserved in a bill of exceptions, the minutes of the testimony of either party so recorded may be given in evidence at the second trial, in case of his death in the meantime; consequently, the surviving party may then testify, although the counsel for the deceased party refused to put in the evidence the minutes of his former testimony."

When the testimony of the deceased party has been given and is avail-

able, then the reason for the application of statutes like our Revisal, 1631, does not exist. *Marlatt v. Warwick,* 19 N. J. Eq., 439; *Galbraith v. Zimmerman,* 100 Pa. St., 374. "The evidence of the deceased plaintiff on a former trial being admissible, the reason of the statute excluding one party to the action from testifying ceasing, the living party is competent." *O'Neal v. Brown,* 61 Texas, 34.

New York Code, 821, is substantially the same as our Revisal, 1631. In *Rice v. Mortey,* 24 Hun., 143, the Court said: "Upon the trial the plaintiff was entitled to introduce in evidence his own examination, taken at the instance of the defendant, and the same was not rendered inadmissible by section 829 of the Code of Civil Procedure. The reason for the rule excluding such testimony is wanting. In the next place, Mortey himself called Rice as a witness in his own behalf, and the Code, sec. 881, provides that the deposition *may be read in evidence by either party at the trial." McDonald v. Woodbury,* 30 Hun., 35.

New York has no statute just like our section 865, but it provides for the taking of the *deposition* of the adverse party, and says *either party may introduce it at the trial;* and in *Berdell v. Berdell,* 86 N. Y., 519, the Court says: "A party whose deposition has been taken before trial, at the instance of an adverse party, had the right, if he desire it, to read such deposition in evidence on the trial on his own behalf. Code, 881."

In *Rowland v. Pinckney,* 8 Miss., 458, it is said: "The deposition of a witness, taken before the death of one of the parties, is not inadmissible on the trial, under section 829 of the Code."

· In *Neis v. Farquharsan,* 9 Wash., 508, it is said: "Death of a party to an action, and substitution of his legal representative, subsequent to the commencement of a suit against him, will not render inadmissible in evidence the deposition of an adverse party in interest, when at the time such deposition was taken the testimony of the witness was competent."

It was held in *Lear v. Smith,* 6 Ky. L., 657 that "The deposition of a surviving party may be read in evidence upon the trial of an action, notwithstanding the death of the adverse party, where the deposition of both had been taken and the personal representative of the deceased upon the trial refused to introduce the deposition of the deceased."

The examination of the adverse party, under Revisal, 865, is a substitute for the former bill of discovery, and as Revisal, 867, provides that it may be read by either party on the trial, it is, like a deposition, *de bene esse,* in that it becomes "the evidence of the law." So to speak, it is "canned evidence," kept in cold storage, for it cannot be altered. In both, the testimony is subject to all valid objections taken at the time, and there is stronger reason for its competency at the trial, for, besides the express authority without any exception, in Revisal, 867, that such

testimony can be read "by either party at the trial," in the case of evidence *de bene esse* the deposition is taken in favor of the party offering it, while in a bill of discovery it is taken at the instance of the adversary party.

Error.

HOKE, J., concurring.