### J. D. PHILLIPS, ADMR. OF M. M. MORGAN, v. INTERSTATE LAND COMPANY.

(Filed 27 November, 1918.)

1. **Corporations — By-Laws—Officers — Secret Limitations — Principal and Agent—Bills and Notes—Ultra Vires.**

    The plea of a corporation, in defense to an action upon its note, made in its behalf by its president, that it was not countersigned by its secretary, as required by its by-laws, and therefore the act was *ultra vires*, is untenable, when it appears that the corporation was owned by these officials and their wives, who had adopted no written by-laws or kept a record of their proceedings as a corporation; for the restriction relied on would only amount to a secret limitation upon the authority usually vested in the chief officer of corporations.

2. Corporations — Bills and Notes — Officers — Ultra Vires—Acceptance of Benefits—Ratification.

> Where a corporation has knowingly received and continues to use property it had paid for with its note, signed by its president alone, its conduct in not restoring the property is a ratification of the act of the president in thus giving the note, though the giving thereof was without the counter-signature of the secretary, required by its by-laws, and *ultra vires.*

ACTION, tried before *Harding, J.,* at June Term, 1918, of SCOTLAND, upon this issue:

1. Is defendant indebted to plaintiff, and if so, in what amount? Answer: "$2,000, with interest from 10 January, 1912."

From the judgment rendered defendant appealed.

*Edward H. Gibson and Walter H. Neal for plaintiff.*
*Russell & Weatherspoon and Cox & Dunn for defendant.*

BROWN, J.   This action is brought to recover on the following note:

$2,000.                    LAURINBURG, N. C., September 25, 1911.

January 10, 1912, after date, we promise to pay to the order of M. M. Morgan two thousand and no-100 dollars at the First National Bank, Laurinburg, N. C.   Value received.

INTERSTATE LAND COMPANY,
By A. A. JAMES, *President.*

Defendant denies the indebtedness, averring that the note was without consideration and given for the sole accommodation of plaintiff's intestate.   Further, defendant avers that the note was executed by its president without authority.

The plaintiff offered evidence tending to prove that the note was given for "boot money" in a trade of automobiles; that plaintiff owned a new and valuable car and traded it to defendant for an old and cheap one, and that the note represented the difference in value.

This question was put to the jury very clearly and fairly and the plaintiff's contention sustained.   We find no error in that, either in the rulings on evidence or in the charge.

It is contended that the by-laws of defendant did not permit the corporation to execute a note except when signed by the president and attested by the secretary, and that the act of the president is *ultra vires.* According to the evidence of President James, the corporation had no by-laws and kept no minutes of the directors' meetings.   No by-laws have ever been adopted by directors at a meeting of the board and reduced to writing.   This corporation is owned exclusively by its president, secretary, and their wives.   They adopted no written by-laws and

kept no records. There seems to have been a secret agreement that all notes should be countersigned by the secretary.

The president of a corporation is *ex vi termini* its head and general agent. While his authority may be restricted by written by-laws legally adopted, it cannot be controlled by secret restrictions and agreements among the owners of the corporation. *Watson v. Mfg. Co.,* 147 N. C., 475; *Davis v. Ins. Co.,* 134 N. C., 60; *Bank v. Oil Co.,* 157 N. C., 302.

In addition to this, the evidence discloses a ratification of the debt if plaintiff's version is the true one, as the jury has declared. The defendant needed the new automobile in its business and retained it. The law will not allow defendant to repudiate the act of its president and at the same time retain the property for which the note was given.

No error.