MAUD MEHAFFEY, ADMINISTRATRIX OF KENNETH MEHAFFEY, v. APPA-
LACHIAN CONSTRUCTION COMPANY.

(Filed 21 December, 1927.)

**1. Negligence—Evidence—Proximate Cause—Instructions.**

In an action brought by the personal representative for the wrongful death of the infant deceased alleged to have been caused by the defendant's breach of a contract made with his father, under conflicting evidence, it is required that the breach of the alleged contract was the proximate cause of the infant's death, and a charge that leaves out this element of the law is reversible error.

**2. Same—Contracts — Independent Contractor — Principal and Agent—
Scope of Employment.**

In an action to recover damages for the negligent killing by the defendant of plaintiff's intestate, alleged to have been caused by a breach of contract made for his safety, where the evidence is conflicting, and involves the questions of proximate cause, the fact of employment by an independent contractor and whether the negligence occurred after the deceased's duties for the day had terminated: *Held,* a charge that instructs affirmatively the principles of proximate cause as to the defendant's liability under these phases of the case is reversible error to the defendant's prejudice, unless the negative view of the law is also stated.

APPEAL by defendant from *Stack, J.,* at May Term, 1927, of HAY-
WOOD.   New trial.

Action for personal injury resulting in death.   The plaintiff alleged that the defendant was engaged in building a hard-surface road from Hazelwood to Balsam; that it had several workmen who lived in Hazelwood; that it was a part of the contract of employment that the defendant should carry them to and from the place where they were working; that Decatur Justice and Tom Freeman were employees charged with

the duty of driving the defendant's trucks; that the Lee Transportation Company was engaged in hauling material for the defendant, and that Justice, Freeman and the Lee Company transported the employees to and from their work. It is alleged that the plaintiff's intestate, a minor 14 years of age, under a contract with his father, had been employed by the defendant to do certain work in Hazelwood, and in breach of the contract had afterwards been transferred to work on the road and required to ride on one of the defendant's trucks in going to and from his work; that on the occasion referred to in the complaint this truck, driven by Decatur Justice at an unlawful rate of speed, was following another truck negligently driven by Tom Freeman; that Freeman suddenly turned to the left to enter an intersecting road and compelled Justice to turn to the right in order to avoid a collision, and that the intestate was thrown to the ground and killed.

The defendant answered denying the material allegations, especially that either Justice or Freeman was its employee, and alleging that the Lee Transportation Company was an independent contractor. The action was brought against several parties, but finally prosecuted only against the defendant. The jury answered the issues as follows:

1. Did the defendant, Appalachian Construction Company, agree with Lawson Mehaffey, father of the intestate, Kenneth Mehaffey, to employ the said Kenneth Mehaffey to work at Hazelwood, and not to be worked on Highway No. 10 outside of Hazelwood, as alleged in the complaint? Answer: Yes.

2. Did the said defendant commit a breach of said agreement, as alleged in the complaint? Answer: Yes.

3. Was the breach of said agreement the proximate cause of the death of plaintiff's intestate, as alleged in the complaint? Answer: Yes.

4. What damages, if any, is the plaintiff entitled to recover? Answer: $7,000.

Judgment for plaintiff and appeal by defendant for error assigned.

*Morgan & Ward and Alley & Alley for plaintiff.*
*A. Hall Johnston for defendant.*

ADAMS, J. The motion to dismiss the action as in case of nonsuit was granted as to the Lee Transportation Company and denied as to the Appalachian Construction Company, against whom it was prosecuted to judgment. In its answer the defendant alleged that the Lee Transportation Company was an independent contractor, and it was said on the argument that because of this independent relation the motion for nonsuit was allowed. Decatur Justice, a witness for the plaintiff, testified that he and Tom Freeman were working for the Lee Transpor-

tation Company at the time of the injury; that the intestate fell from
the witness's truck "after quitting time," when the Transportation
Company had no control over the truck or the driver.   Upon this theory
it was not only important, but necessary, to ascertain whether the de-
ceased rode on the truck merely at the invitation or by the license of
the owner or driver, or whether carrying the deceased on a truck to and
from his work was a part of the contract of employment.   If the de-
fendant was not obligated to provide transportation for the deceased a
mere change in the place of work could hardly be considered the proxi-
mate cause of the injury suffered "after quitting time," when the rela-
tion of employer and employee had temporarily ceased.   It is insisted
by the appellant that these phases of the evidence were not clearly pre-
sented in the instructions relating to the third issue.   The jury was
first told in substance that a parent who hires a child of tender years
has the right to limit the place where the child is to work; that it is the
duty of an employer who assents to the limitation to observe it, and that
his failure to live up to the agreement would be a violation of duty which
would entitle the plaintiff to recover.   If the defendant's contention is
correct there may have been a breach of the contract under which the
deceased was employed, and still the defendant may not have been
liable in damages.   This instruction, it is true, is followed by another
to the effect that the breach of contract must have been a proximate
cause of the injury; but we find no instruction which specifically sets
forth the converse of this proposition—that is, that the defendant would
not be liable if the intestate was injured while on the truck of one who
at the time was in the service of an independent contractor, or who, if
not in such service at the time, invited or permitted the intestate to ride
on the truck as a matter of accommodation, with no agreement express
or implied to render such service, and with no obligation on the part of
the defendant to provide such transportation.   Of course there is evi-
dence that this duty devolved upon the defendant, but this evidence
should have been submitted to the jury under instructions appropriate to
the contentions of both parties.   The controlling principle is thus stated
in *Real Estate Co. v. Moser,* 175 N. C., 259: "The instruction given is
correct as far as it goes, but the judge failed to state the defendant's
contention and to instruct them that the defendant had a right to with-
draw his proposition under certain conditions, and what those condi-
tions were.   Even without a specific instruction, it was incumbent upon
the judge to do this, for when the judge assumes to charge and correctly
charges the law upon one phase of the evidence the charge is incom-
plete unless it embraces the law as applicable to the respective conten-
tions of each party, and such failure is reversible error."   *Jarrett v.*

*High Point Co.,* 144 N. C., 299; *Lea v. Utilities Co.,* 176 N. C., 514; *Butler v. Mfg. Co.,* 182 N. C., 547.

The following instruction also is subject to exception: "If the plaintiff has satisfied you by the greater weight of the evidence that the real, efficient cause, without which the injury and death would not have resulted, was the breach of this agreement on the part of the defendant, if you find by the greater weight of the evidence that he made the agreement claimed by the plaintiff, then your answer to the first three issues would be Yes, but if the plaintiff has not satisfied you by the greater weight of the evidence, then you would answer the first issue No." Under what circumstances were the second and third to be answered in the negative? The appellant is entitled to a

New trial.