LESS LIPSCOMB v. GEO. H. COX AND H. C. PERKINS, TRADING AS COX & PERKINS.

(Filed 10 April, 1929.)

**1. Master and Servant C g—Contributory negligence of servant bars his recovery.**

A servant's action against the master for damages for negligently injuring him while engaged in blasting rock in a quarry is barred by an adverse verdict on the issue of contributory negligence.

**2. Negligence C d—Burden of proving contributory negligence.**

The burden of proof is on the defendant on the issue of contributory negligence in a personal injury action.

**3. Appeal and Error J e—Error must be prejudicial to appellant to entitle him to a new trial.**

The appellant is not entitled to a new trial for error of law relating to an issue answered by the jury in his favor.

**4. Trial E c—Charge sufficient without charging alternate propositions of law.**

Where the trial judge has charged correctly and fully upon the issue of contributory negligence in regard to the defendant, it is not error for him to fail to charge the alternate propositions of law in regard to the plaintiff, under the provisions of C. S., 564, requiring him to charge upon the principles of law arising from the evidence in the case.

APPEAL by plaintiff from *Moore, J.,* at February Term, 1928, of FORSYTH. Affirmed.

This action was begun and tried in the Forsyth County Court, by *Efird, J.,* and a jury. The issues were answered as follows:

"1. Was the plaintiff injured by the negligence of defendants, as alleged in the complaint? Answer : Yes.

"2. Did the plaintiff by his own negligence contribute to his injury, as alleged in the answer? Answer: Yes.

"3. What damages, if any, is the plaintiff entitled to recover of defendants? Answer: .........."

From judgment of the Forsyth County Court on the foregoing verdict, plaintiff appealed to the Superior Court of Forsyth County, assigning errors at the trial.

From judgment of the Superior Court, overruling each and all of plaintiff's assignments of error on his appeal to said court and affirming the judgment of the Forsyth County Court, plaintiff appealed to the Supreme Court.

*Archie Elledge and Parrish & Deal for plaintiff.*
*Manly, Hendren & Womble for defendants.*

PER CURIAM. During the month of August, 1926, plaintiff was an employee of defendants. Defendants were then engaged in the operation of a rock quarry in Forsyth County. This action is for the recovery of damages for personal injuries, resulting from an explosion of dynamite, which plaintiff, as an employee of defendants, was using in blasting rocks, at defendants' quarry.

The jury has found that plaintiff was injured by the negligence of defendants, as alleged in the complaint, but that plaintiff, by his own negligence, contributed to his injuries, as alleged in the answer. Plaintiff's recovery in this action is, therefore, barred by his contributory negligence. He contends, however, that he is entitled to a new trial, because of errors at the trial in the Forsyth County Court, which he duly assigned on his appeal to the Superior Court of Forsyth County.

On his appeal to this Court, plaintiff contends that there was error in the judgment of the Superior Court, overruling his assignments of error, and affirming the judgment of the county court. This contention is not sustained. There was no error in overruling plaintiff's assignments of error based on exceptions at the trial to the exclusion of testimony offered by plaintiff as evidence pertinent to the first issue. The answer of the jury to this issue was favorable to plaintiff. Nor was there error in the instructions of the court to the jury, with respect to the second issue. It is not contended that the instructions as given were erroneous; plaintiff contends that there was error in the failure of the court to instruct the jury in accordance with the requirements of the statute. C. S., 564. The charge of the court to the jury is set out in the case on appeal. It is full, clear and correct. The principle upon which a new trial was ordered by this Court in *Mehaffey v. Appalachian Const. Co.,* 194 N. C., 717, 140 S. E., 716, is not applicable in this case. The court instructed the jury that the burden on the second issue was on defendants; and that only in the event the jury should find from the evidence the facts to be as contended by defendants, and as stated specifically by the court, could the second issue be answered, Yes. The jury could not have failed to understand that if they did not so find the facts, they should answer the issue, No. In this case, the court was not required to instruct the jury that upon their failure to find facts as detailed in the instruction, they should answer the issue, No. A general instruction was sufficient. The judgment of the Superior Court is

Affirmed.