R. B. CLARK v. JOSEPH HODGE.

*Action for Possession of Personal Property—Competency of Witness—Chattel Mortgage—Mortgagee as Subscribing Witness—Execution by Corporation— Validity of Mortgage.*

1. Where he is not excluded under the provisions of Sections 590 of *The Code*, the mortgagee in a chattel mortgage is competent, as a subscribing witness thereto, to prove its execution for admission to probate, inasmuch as Sec. 1351 of *The Code* removes the disqualification formerly attaching to witnesses having an interest.

2. The common seal of a corporation being affixed to an instrument is *prima facie* evidence that it was affixed by competent authority, and hence it is not incumbent upon one claiminig personal property under a mortgage by a corporation to show that its execution was duly authorized.

3. In the trial of an action for possession of personal property claimed under a chattel mortgage executed by a corporation, it is competent for the adverse party to go behind the seal and show that it was not affixed by the legally exercised authority of the company.

4. A chattel mortgage recited that a corporation was indebted to the mortgagee, "for which he holds my note," and to secure the same "I do" convey to him certain property owned by the corporation, and "if I fail" to pay the debt, the mortgagee may sell, allowing an attorney fee to be charged to "me;" the attestation was "witness *my* hand and seal." The mortgage was signed by the "president" of the corporation as "president" with his private seal, and by others "as treasurer" and "stockholder," and the corporate seal was set opposite to their names. *Held*, that such mortgage was a conveyance by the president personally and not one by the corporation acting through him.

5. Where the property described in a chattel mortgage which purported to be the act of the corporation but was only that of an officer personally, belonged to the corporation and was in the adverse possession of the defendant at the time of the execution of the mortgage, the instrument was properly excluded as evidence in an action for the possession of the property by the mortgagee.

CIVIL ACTION, to secure possession of personal property, tried before *E. T. Boykin, Judge*, and a jury, at Spring Term, 1894, of RUTHERFORD Superior Court.

The property in litigation, as was shown by the evidence and not controverted by the plaintiff, was at the time of making the pretended chattel mortgage hereafter mentioned, the property of a corporation known as "The Rutherfordton Land and Industrial Company," with office at Rutherfordton, N. C., and at the time the said mortgage was executed was in the adverse possession of the defendant, Joseph Hodge.

In order to make out his claim, the plaintiff offered to introduce in evidence a paper writing in the nature of a deed of trust in words and figures as follows, to-wit:

State of North Carolina, }
    County of Rutherford. }

The Rutherfordton Land and Industrial Company, of County and State aforesaid, is indebted to R. B. Clark, of

CLARK *v.* HODGE.

the County and State aforesaid, in the sum of Eleven Hundred Dollars, for which he holds my note to be paid 13th day of April, A. D. 1892, and to secure the payment of the same, I do hereby convey to the said R. B. Clark, these articles of personal property, to-wit: (Here follows description of property.)

But on this special trust, that if I fail to pay said debt on the 13th day of April, 1892, then he may take possession of and sell said property at public auction, for cash, first giving twenty days notice at three public places in said county, and apply the proceeds of such sale to the discharge of said debt, interest and cost on the same, and it is further provided and agreed that if the said debt is not paid when due, then the said R. B. Clark is hereby authorized to place this mortgage in the hands of an attorney for collection, and pay said attorney the sum of not more than 10 per cent. as fee for collecting same, and charge said fee to me, to be paid out of the money arising from said sale, and after paying said debt, interest, costs and fee, he shall pay over the surplus, if any, to the said R. B. Clark.

Witness my hand and seal this the 13 day of April, 1892. (A mortgage on 59½ acres of land given as additional security for this debt.)

> D. N. HITCHCOCK, PRES.
> L. P. ERWIN, STOCKHOLDER.
> T. M. LYNCH, TREAS.

> { Seal of the Rutherfordton L. & I. Co., Incorporated April 22, 1891. }

Witness, R. B. CLARK.

STATE OF NORTH CAROLINA,     } IN THE SUPERIOR COURT,
          Rutherford County.        February 29th, 1892.

The execution of the within Chattel Mortgage was duly proven by the oath and examination of R. B. Clark, the subscribing witness thereto.

Therefore let the same and this certificate be registered. Fee, 19c. paid.

> J. F. FLACK, C. S. C.

CLARK *v.* HODGE.

To the introduction of the paper as evidence the Defendant interposed the following objections, to-wit:

1. The paper writing was not attested by the Secretary of the Corporation as required by the acts of 1891, chapter 118, page 104.

2. It was not shown that the parties who executed the paper had any authority from the members of the corporation to make it. There was no evidence that the corporation authorized the execution of the mortgage.

3. The paper was void upon the ground that the pretended mortgagee was the sole subscribing witness thereto. His attestation alone would not, and did not, sufficiently prove the execution of the paper so as to authorize the Clerk to order the registration. The order of the Clerk to register the paper was without authority. The registration was therefore void as well as the instrument itself was void.

4. The Corporation could not make a mortgage, or deed of trust, on the property, because at the time the mortgage was made it did not have possession of the property, it, the property, being in possession of the defendant.

The Court ruled the paper out. The plaintiff excepted. Upon this ruling of the Court, the plaintiff took a non-suit and appealed.

*Mr. E. J. Justice*, for plaintiff (appellant).
*Mr. S. Gallert*, for defendant.

CLARK, J.: It was not a sufficient objection to the introduction of the mortgage that the subscribing witness thereto, by whom its execution was proved when admitted to probate, was the mortgagee therein. *The Code*, Sec. 1351, removes the disqualification attaching formerly to witnesses having an interest. The mortgagee in this case,

not coming within any of the exceptions ( *Code*, Sec. 590 ; *Bunn* v. *Todd*, 107 N. C., 266 ) was competent as subscribing witness to prove the execution of the mortgage to himself, but such practice is not commended nor to be encouraged, for the probate is *ex parte* without opportunity for cross examination.

Nor was it incumbent upon the party offering the mortgage to show that its execution was duly authorized. The common seal being affixed is *prima facie* evidence that it was affixed by proper authority. 1 Devlin on Deeds, Sec. 341. It was competent for the opposite party to go behind the seal and show that it was not affixed by the legally exercised authority of the company. *Duke* v. *Markham*, 105 N. C., 131, 136. But the instrument on its face is not the mortgage of the corporation. It recites that the corporation ( naming it ) is indebted to the plaintiff " for which he holds my note to secure the payment of the same, I do hereby convey to him the following articles of personal property, to-wit : now in the Hodge Hotel belonging to the said company, and if I fail to pay said debt by the 13th of April, 1892 " ( then follows power of sale with provision for allowance of ten per cent. to attorney for collection ) " charging said fee to me, and after paying said debt, interest, costs and fee, the surplus to be paid over to said Clark " ( the mortgagee ). " Witness my hand and seal, this 13th April, 1892." To this, D. N. Hitchcock affixes his signature as " President " adding his private seal. Two others signed respectively " treasurer " and " stockholder," the seal of the corporation being set opposite to the three names. The Act of 1891, Ch. 118, ( since repealed and re-enacted with some modification by the Act of 1893, Ch. 95) is like *The Code*, Sec. 685, an enabling Act, additional to and not exclusive of the common law mode of executing deeds. *Bason* v. *Mining Co.*, 90 N. C., 417. This instru-

ment might possibly therefore be admitted as executed in behalf of the corporation so far as the common seal and the signing of the officers are concerned, but from the attestation clause, the body of the deed and the conveying words it is clear that it is the conveyance of D. N. Hitchcock and not that of the corporation acting through him. It is the personal act and deed of its president. *Clayton* v. *Cagle*, 97 N. C., 300; *Davidson* v. *Alexander*, 84 N. C., 621; *Insurance Co.* v. *Hicks*, 48 N. C., 58; *Plemmons* v. *Improvement Co.*, 108 N. C., 614. It is admitted that the property embraced in the description was at the time of the execution of the mortgage the property of the corporation (not of said Hitchcock) and was in the adverse possession of the defendant. The mortgage offered was therefore properly excluded.

No Error.