B. W. EDWARDS ET AL. v. SNOW HILL SUPPLY COMPANY.

(Filed 24 February, 1909.)

1. Corporations—Deeds and Conveyances—Mortgage—Corporate Act—Mala Grammatica.

    A mortgage made by a corporation, regular in its body in all respects, except that it recites the corporation "of the first part, their heirs and assigns," is not void, as the name of the corporation is erroneously treated as a collective noun and *"mala grammatica non vitiat."*

2. Corporations—Deeds and Conveyances—Construction—Validity.

    When the attestation clause, the body and the conveying words in a deed purport to make it that of an existing corporation, and it is signed "F. W. F., President (Seal) ; B. W. E., Sec. and Treas. (Seal)," has the corporate seal affixed, and has been probated by the clerk of the court, upon examination of an attesting witness, and ordered registered, its validity as a corporate act will be upheld.  (*Clark v. Hodge,* 116 N. C., 763, cited and distinguished.)

3. Corporations—Deeds and Conveyances—Seal, Failure to Register.

The validity of a mortgage made by a corporation, duly signed by its proper officers and otherwise regular, is not impaired by the failure of the register of deeds to record the corporate seal affixed to the instrument.

4. Corporations—Deeds and Conveyances—Seal—Authority Prima Facie.

The common seal of a corporation affixed to its conveyance is *prima facie* evidence that it was affixed and the conveyance executed by the proper authority.

ACTION from GREENE, heard by *O. H. Allen, J.*, at chambers in Kinston, upon report of the receiver and referee, 22 December, 1908.

Appeal by Snow Hill Banking and Trust Company, mortgagee of parties plaintiff.

*L. V. Morrill* for creditors, plaintiff and appellants.

*W. C. Monroe, G. V. Cooper* and *J. Paul Frizzelle* for bank, plaintiff and appellee.

CLARK, C. J. The only question raised is as to the valid execution of a mortgage for $2,000 to the defendant from the Snow Hill Supply Company. It is not denied that the money was borrowed for the use of the said supply company, was used in carrying on its business, and is justly due. The corporation was solvent when it executed the mortgage, and no stockholder has ever questioned its validity. The objection comes from other creditors, who insist that this is an unsecured debt, because of an irregularity in the execution of the mortgage.

The instrument purported to be a mortgage on real estate, and was duly registered. The attesting clause is as follows: "In testimony whereof, the said party of the first part has hereunto set their hands and seals, the day and date first above written. F. W. Faircloth, President (Seal); B. W. Edwards, Sec. and Treas. (Seal)." The corporation seal was affixed. There was a witness to the execution of said paper, and upon his examination the clerk probated it and ordered its registration.

· The mortgage names the "Snow Hill Supply Company" as party of the first part, and it is shown that said company was

duly incorporated. The mortgage is regular in all respects, in its body, except that it is twice said "the said Snow Hill Supply Company, of the first part, *their* heirs and assigns." But this is merely treating the name of the corporation as a collective noun, which is admissible, and if otherwise, *"mala grammatica non vitiat."*

This case is very different from *Clark v. Hodge,* 116 N. C., 763, relied on by appellees, for in that case the text showed that the mortgage was, in truth, that of an individual and not of a corporation. It recited that whereas the corporation was indebted to the mortgagee, "for which he holds *my* note to secure the payment of the same, *I* do hereby convey," etc., specifying that, on foreclosure, the ten per cent allowed for attorney's fee should be "charged to *me*," winding up with "Witness *my* hand and seal," signing as president, but with his private seal. Two others signed as secretary and treasurer, and the corporation seal was affixed. The court held that, so far as the signing was concerned, this might be held the deed of the corporation, "but from the attestation clause, the body of the deed and the *conveying words* it is clear that this is the conveyance of D. N. Hitchcock, and not that of the corporation acting through him." The opposite is the case here, where the words are "the said party of the first part, in consideration of $2,000 in hand paid," etc., "by these presents bargains, sells and conveys"; and again it is said "the Snow Hill Supply Company, the party of the first part, do covenant," etc., and this reference to the Snow Hill Supply Company, as party of the first part, is again repeated in the body of the deed.

In this case the corporate seal was duly attached to the mortgage, but was omitted when first registered, though this was corrected by the register after this action was begun. As the deed recited, both in the conveying and warranty clauses, "the Snow Hill Supply Company" as "the party of the first part," and the attestation clause recites "the party of the first part hereunto set their hands and seals," and the paper was in fact duly executed by the officers of the corporation, who signed as president and secretary and treasurer, respectively, and affixed the corporate seal, the validity of the mortgage is not impaired

by the failure of the register to record the corporate seal. *Heath v. Cotton Mills,* 115 N. C., 246; *Strain v. Fitzgerald,* 130 N. C., 600.

The common seal being affixed is *prima facie* evidence that it was so affixed (and that the mortgage was executed) by proper authority. *Duke v. Markham,* 105 N. C., 136; *Clark v. Hodge,* 116 N. C., 765; 1 Devlin Deeds, sec. 341. There is no evidence offered in this case to contradict this presumption. In holding that the mortgage was invalid, and that the debt therein recited was simply an unsecured debt of the corporation, there was error, and the judgment of the court is in that respect

Reversed.