E. M. ASBURY v. C. J. MAUNEY.

(Filed 2 May, 1917.)

**1. Corporations—Stockholders—Resolutions—Individual Liability.**

The minutes of a specially called meeting of the stockholders, showing only that a motion had been duly made for the stockholders to assume the debts of the corporation beyond its assets, is not sufficient evidence that *it had been voted upon or carried.*

**2. Same—Special Meetings—Notice.**

Notice of a specially called meeting of the stockholders of a mercantile corporation, stating as its object the fixing of the value of its merchandise in view of closing out an unprofitable enterprise, limits the scope of the meeting to this special purpose, and will not bind an absent stockholder, who had received the notice, to a resolution attempting to fix individual liability among them; and such action will be void unless all the members of the corporation are present or give their consent, or they thereafter ratify it.

**3. Corporations—Shareholders—Resolutions—Individual Liability.**

Action by the stockholders to assume personal liability for the debts of a corporation is not a corporate act, but a personal one to each of them, dependent upon the agreement by them all; and where a general resolution of this character is passed by a majority of them, it is not binding upon those present when those absent refuse to consent thereto.

**4. Corporations—Shareholders—Meetings—Resolutions—Individual Liability —Principal and Agent—Statute of Frauds.**

Where the shareholders of a corporation have passed a resolution attempting to fix individual liability among themselves for the corporation's

debts, and one of them has signed the minutes in the capacity of secretary, his signing is not, in effect, a corporate act, and he will not be regarded as the duly authorized agent for the shareholders within the meaning of the statute of frauds.

**5. Same—Contracts—Parties.**

Where the secretary of a meeting of the shareholders of a corporation signs the minutes of the meeting containing a resolution attempting to fix individual liability among them, and afterwards sues on a corporate debt which he has paid and upon which he was secondarily liable, claiming in subrogation, he will not be considered as the duly authorized agent of the other shareholders within the meaning of the statute of frauds, upon the principle that one of the parties to the writing required may not be the agent of the other who is sought to be bound therewith.

CIVIL ACTION, tried before *Cline, J.,* at November Term, 1913, of STANLY.

This is an action to recover the sum of $93.66 which the plaintiff alleges is due him on account of an agreement entered into by the defendant, a stockholder of the E. M. Asbury Company.

The E. M. Asbury Company was a corporation and the stockholders were F. V. Watkins, C. J. Mauney, C. W. Andrews, E. M. Asbury, A. S. McRae, and Miss Spencer.

The corporation became insolvent and on 16 September, 1909, the stockholders held a call meeting for the purpose of fixing a price on the stock of merchandise on hand with a view to closing out the business, and the following are the minutes of said meeting:

E. M. ASBURY COMPANY,
GENERAL MERCHANTS.

ALBEMARLE, N. C., 16 September, 1909.

Call meeting of the stockholders of the E. M. Asbury Company, with the following stockholders present, and stock represented as follows:

F. V. Watkins, 17 shares, $1,700; C. J. Mauney, 5 shares, $500; C. W. Andrews 5 shares, $500; F. V. Watkins proxy for Miss Spencer, 2 shares, $200; E. M. Asbury, 17 shares, $1,700. Total, 46 shares, $4,600.

The object of the meeting is to fix a price on the stock of merchandise on hand with a view to closing out the business, which has been running at a loss to the stockholders for three years; and on motion of C. J. Mauney to fix a price of 50 cents on the dollar, that is, on the invoice price of the goods, with the exception of the new goods just received from J. W. Ould Company. This motion carries

with it a proviso to first offer the stock to any one of the stockholders, and if they do not buy it, then to sell to best advantage to any outsider, with the understanding to proceed at once to sell the stock. The above seconded by C. W. Andrews and carried by all the stock here represented, as follows: C. J. Mauney, 5 shares; F. V. Watkins 17 shares; F. V. Watkins for Miss Spencer, 2 shares; C. W. Andrews, 5 shares; E. M. Asbury, 17 shares.

On motion of C. J. Mauney, seconded by C. W. Andrews, to appoint F. V. Watkins and E. M. Asbury a committee to sell the stock and pay off the indebtedness as far as it will go. Moved by C. W. Andrews, seconded by C. J. Mauney, that after the stock of goods have been sold, and the proceeds placed to the payment of notes, accounts and claims against the said E. M. Asbury Company, that all remaining unpaid bills and notes be paid by the stockholders in proportion to the stock they hold. Moved by C. W. Andrews, seconded by C. J. Mauney, that the new goods above excepted be taken by the purchaser of the stock at invoice price, unless placing it with the entire stock will be the means of getting a better price for the whole stock. Moved and carried that a copy of these minutes be sent to A. S. McRae, the only stockholder not represented, and this being his fault, as he·had been duly notified and had set his own time to meet with us.

Moved and carried to notify the Corporation Commission of the dissolution in legal form as soon as the stock has been sold.

Motion to adjourn by C. J. Mauney.

E. M. ASBURY, *Secretary.*

At the time said meeting was held the corporation was indebted to J. W. Ould Co. and the Hetch-Hirschler Company in certain amounts for which the plaintiff E. M. Asbury was personally liable, which amounts the plaintiff has paid, and he now brings this action to recover of the defendant a proportionate part thereof, relying upon the following statement in said minutes: "Moved by C. W. Andrews, seconded by C. J. Mauney, that after the stock of goods had been sold, and the proceeds placed to the payment of notes, accounts and claims against the said E. M. Asbury Company, that all remaining unpaid bills and notes be paid by stockholders in proportion to the stock they hold."

The plaintiff contends that this was an agreement entered into by the defendant and the other stockholders who were present to pay the debts of the corporation; that the minutes signed by the secretary of the corporation is a sufficient memorandum thereof to satisfy the statute of frauds, and that as he has paid certain debts of the corpora-

tion in existence at the time of the meeting. of the stockholders, that he is entitled to be subrogated to the rights of the creditors as against the defendant.

His Honor ruled against the plaintiff and entered judgment of nonsuit, and plaintiff excepted and appealed.

*R. L. Brown* and *R. L. Smith for plaintiff.*
*J. R. Price for defendant.*

ALLEN, J.   There are several objections to the right of the plaintiff to maintain this action.

In the first place, it does not appear that the stockholders entered into any agreement to pay the debts of the corporation.   It is stated in the minutes that a motion to this effect was made and seconded, but it does not appear that it was voted upon or adopted, and this omission has particular significance in view of the evidence of all of the stockholders who were present at the meeting except the plaintiff, that after the motion was made and seconded, objection was raised, and it never came to a vote, and that the plaintiff, who was examined as a witness in his own behalf did not contradict them, but contented himself with stating that the minutes contained a true account of the· meeting, and that they were read over to the stockholders.

Again, the stockholders' meeting of 16 September was a call meeting for a special purpose, and at such meetings no action can be ·taken which will be binding upon the corporation unless every stockholder has notice (*Hill v. R. R.,* 143 N. C., 552), and if the meeting is called for a special purpose, business not embraced in the notice will be void unless all the members of the corporation are present and give their consent or the action is thereafter ratified.   10 Cyc., 327.

In this case notice was given to all of the stockholders, but the notice did not suggest that any action would be taken or considered as to the imposition of personal liability upon the stockholders for the debts of the corporation, and the action of the stockholders, if they agreed to become personally liable, could not be corporate action, and would amount in any event to no more than a personal agreement between the stockholders.

The agreement also if made, was not the act of the corporation, ·because it did not purport to deal with the property of the corporation or the conduct of its business, but simply undertook to determine the relationship between the stockholders themselves as to their liability for the debts of the corporation.

We must then treat the stipulation in the minutes as an effort to bind the stockholders to pay the debts of the corporation, for which

they were not liable, and when so considered it is apparent that it was not the purpose of those present at the meeting to assume the debts, but that this liability should be imposed on all the stockholders as the resolution introduced does not say that the debts remaining after the application of the proceeds of the goods shall be paid by the stockholders *present,* but by "the stockholders," which means all the stockholders, and as so understood it was in the nature of a proposal, which did not become effective because of the refusal of the absent stockholder to give his consent.

If, however, we accepted the view of the plaintiff that the minutes furnish evidence of an agreement between the stockholders to pay the debts of the corporation, and that this agreement would be void under Revisal, sec. 974, unless in writing and signed by the party or by "some other person thereunto by him lawfully authorized," we would not adopt the conclusion of the plaintiff that the minutes are a sufficient memorandum of the agreement.

The defendant did not sign the minutes and the plaintiff must, therefore, show, in order to maintain his position, that he himself when signing the minutes as secretary of the corporation was signing as the duly authorized agent of the defendant.

The first objection to this position is that the plaintiff did not purport to sign the minutes as agent for the defendant, but as secretary of the corporation, and, again, it seems to be well settled that one of the contracting parties cannot be the agent of the other for the purpose of binding him by his signature under the statute of frauds.

*Lord Ellenborough* said in *Wright v. Dannah,* 2 Camp., 203: "The agent must be some third person and could not be the other contracting party." *Abbott, C. J.,* in *Fairbrother v. Simmons,* 5 Barn. and Ald., 120: "The agent contemplated by the Legislature, who is to bind a defendant by his signature must be some third person and not the contracting party." And the same doctrine is declared in *Sharman v. Brandit,* 6 Q. B., 722, as follows: "One of the parties cannot be the agent of the other for the purpose of signing the contract."

In Brown on the Statute of Frauds, sec. 367, the author says: "The statute does not require the party's own signature to the memorandum, but allows it to be signed by some other person thereunto by him lawfully authorized. . . . One rule, however, has been settled, both under the fourth and seventeenth sections, that neither party can be the other's agent to bind him by signing the memorandum," and this is quoted with approval in *Wilson v. Mill Co.,* 150 N. Y., 314, and the same principle is declared and approved in 20 Cyc., 276; *Wingate v. Herschauer,* 42 Iowa, 508; *Leland v. Creyon,* 1

McCord (S. C.), 100; *Bent v. Cobb,* 9 Gray (Mass.), 397; *Tull v. David,* 45 Mo., 444; and we have found nothing to the contrary.

The reason for the rule is stated with great clearness in the case from Massachusetts, and it is pointed out that if the party was permitted to sign the contract as the agent of the other party, the statute, instead of preventing fraud, would encourage fraud and perjury. It would enable one to draw a contract to suit himself, and then, by proving his authority by his own oath, to bind the other party to a contract which he had not made, and to establish a liability by parol when the statute says it can only be done by writing.

In the case from Missouri the Court quotes with approval from the opinion of *Bigelow, J.,* in *Bent v. Cobb,* as follows: "The great mischief intended to be prevented by the statute would still exist if one party to a contract could make a memorandum of it which would absolutely bind the other. If such were its true construction, it would be a feeble security against fraud, or, rather, it would open a door for its easy commission. A vendor could fasten his own terms on his vendee. If it was a written contract binding on the purchaser, he could not show by parol evidence that the terms of the bargain were incorrectly or imperfectly stated."

If it be objected that a third party might also incorporate terms in the agreement which had not been assented to, the answer is that the danger here is not great, because the disinterested agent has no inducement to commit fraud or perjury, which would be present with an interested party.

There are other questions raised by the defendant as to the rights of a creditor to sue upon the agreement between the stockholders, assuming it to have been made, and as to the consideration, but as what we have said disposes of the case, it is not necessary to consider them.

The case of *Armstrong v. Asbury,* 170 N. C., 161, has no bearing upon the question now before us, as in that case a judgment by default had been taken, and the only question before the court was as to the admissibility of evidence, which would have destroyed the effect of the judgment, if admitted and found to be true.

Affirmed.