M. H. BRIMMER v. M. H. BRIMMER & CO.

(Filed 31 October, 1917.)

1. **Appeal and Error—Answer to Issues—Harmless Error.**

Exception to the admission of evidence relating to issues answered by the jury in appellant's favor is immaterial on appeal.

2. **Evidence—Nonsuit—Pledge—Burden of Proof—Trials.**

In an action to recover personal property, defended on the ground that it had been left with the defendant as security for a debt, the burden is on the defendant to establish his defense, and when there is evidence that title to the property is in the plaintiff, the defendant's motion to nonsuit upon the evidence is properly denied.

3. **Judgments—Issues.**

An affirmative finding of an issue that plaintiff is entitled to the proceeds of sale of personal property claimed by the defendant in an action to recover it, as a pledge for plaintiff's debt, is sufficient for judgment that plaintiff recover such sum.

4. **Corporations — Mortgages — General Manager — Principal and Agent—Directors.**

While ordinarily a general manager of a corporation is without implied authority to pledge corporate property for the payment of its debts, unless

by·resolution of the board of directors, the doctrine is subject to the rule that he may have such power when incidentally necessary to the carrying on of the business under his general authority, as such manager, and that acts of such character are binding upon their ratification by the company in accepting benefits thereunder.

### 5. Same—Evidence.

A funeral corporation was heavily indebted to a livery stable for furnishing it carriages for funerals, where its "dead wagon" was kept at the time and continuously thereafter; and to obtain further credit at the stable the manager of the corporation pledged the "dead wagon" of which the corporation received benefit with the knowledge and consent of the president. After insolvency, the receiver sued the owners of the stable for the wagon, and it is *Held*, there was evidence sufficient to bind the funeral corporation or its receiver to the pledge made by its general manager, there being evidence both as to his authority and the ratification of his act by the corporation.

### 6. Appeal and Error—Courts—Determinative Issues.

When the controversy is made to depend upon the authority of a general manager of a corporation to bind the latter by his act, with evidence that it was necessary to the carrying on of the corporation's business and of its subsequent ratification, and the trial judge has failed to submit an issue properly determinative of this question, a new trial will be ordered on appeal.

APPEAL by petitioner from *Bond, J.*, at the April Term, 1917, of NEW HANOVER.

This is a petition filed by the receiver of the M. H. Brimmer Company against the Schloss-Bear-Davis Company to recover a certain "dead wagon," or the proceeds thereof.

The Brimmer Company was in business as an undertaker, and it was admitted that it bought the wagon, which was in possession of the Davis Company at the commencement of the action, the Davis Company claiming that it had been pledged as security for debt by M. H. Brimmer, general manager of the Brimmer Company.

The receiver denied that the wagon was left with the Davis Company as a pledge, and also denied that Brimmer had any authority to pledge the wagon.

Both parties introduced evidence in support of their respective claims.

The receiver introduced the deposition of M. H. Brimmer, who, among other things, was permitted to answer the following question:

Q. State in full the circumstances of your placing the "dead wagon" in the livery stables of Schloss, Bear & Davis Co.?

The deposition and the answer to the question were objected to by the defendant and exception duly taken to their admission.

The plaintiff also introduced as a witness L. W. Moore, president of the Brimmer Company, who was asked the following questions by the defendant on cross-examination:

Q. How much did your concern owe when it went into the hands of a receiver?

Objection by plaintiff; objection sustained; defendant excepted.

Q. I ask you if it was not hopelessly insolvent?

Objection by plaintiff; objection sustained; defendant excepted.

Q. I will ask you if you had enough assets in your concern when it went into the hands of a receiver to pay 2 cents on the dollar?

Objection by plaintiff; objection sustained; defendant excepted.

The following is the verdict returned on the minutes:

1. Did M. H. Brimmer, manager of M. H. Brimmer Company, deliver said "dead wagon" to Schloss-Bear-Davis Company and pledge it to be security for what was due them by said Brimmer Company? Answer: Yes.

2. What sum is due to Schloss-Bear-Davis Company by said M. H. Brimmer Company? Answer: $548.75.

3. Was said Brimmer, manager, authorized by directors of said company to pledge its property or any part of same to secure payment of debt to Schloss-Bear-Davis Company? Answer: No.

4. Is petitioner C. C. Bellamy, receiver, entitled to money for which said "dead wagon" was sold, by agreement, leaving said money to stand in the place of said wagon? Answer: Yes.

Judgment was rendered in favor of the receiver upon the verdict, and the defendant appealed, assigning the following errors:

1. The court erred in overruling the defendant's objection to the introduction of the deposition of M. H. Brimmer, as set out in the first exception.

2. The court erred in overruling the defendant's objection to the question: "State in full the circumstances of your placing the 'dead wagon' in the livery stable of Schloss, Bear & Co.," as set out in the second exception.

3. The court erred in sustaining the objection of the plaintiff to the question: "How much did your concern owe when it went into the hands of a receiver?" as set out in the third exception.

4. The court erred in sustaining the objection of the plaintiff to the question: "I ask you if it was not hopelessly insolvent," as set out in the fourth exception.

5. The court erred in sustaining the objection of the plaintiff to the question: "I will ask you if you had enough assets in your concern when it went into the hands of a receiver to pay 2 cents on the dollar?" as set out in the fifth exception.

6. The court erred in overruling the defendant's motion for nonsuit, as set out in the sixth exception.

7. The court erred in signing the judgment set out in the record and in holding that the Schloss, Bear & Davis Co. did not hold a lien upon the "dead wagon," as set out in the seventh exception.

*No counsel for receiver.*
*McClammy & Burgwyn for defendant.*

ALLEN, J. It is not necessary to consider the first and second assignments of error because the deposition of M. H. Brimmer has no bearing upon any issue except the first, which was answered in favor of the defendant.

The third, fourth, and fifth assignments of error are without merit. The record does not show what would have been the answer of the witness to the questions propounded to him, but if we assume that the purpose was to show the insolvency of the Brimmer Company, this was not relevant to any issue before the jury, and it was not in controversy, because the record shows that the petitioner was appointed receiver on account of insolvency.

The motion for judgment of nonsuit was properly overruled, as it was admitted that the Brimmer Company had bought the wagon, and that it was the owner, unless the defendant could establish that it had been left in its possession as a pledge, and the burden was on the defendant, as his Honor charged, to satisfy the jury of the facts upon which it relied to show that it was entitled to retain the wagon or its proceeds.

The seventh assignment presents the question as to whether the verdict is sufficient to support the judgment, and there can be no doubt that the answer to the fourth issue, standing alone, justified his Honor in holding that the receiver was entitled to the proceeds of the sale of the wagon, as it so finds in no uncertain language.

It appears, however, that the fourth issue was not answered by the jury, and that, on the contrary, his Honor submitted only the first issue to the jury and reserved the others to be answered by himself as matters of law, and as there was no evidence of a meeting of the directors conferring power on the manager to pledge the wagon, he answered the third issue "No"; and being further of opinion that if there was no meeting of the directors, the manager was without authority, he answered the fourth issue "Yes."

There is no specific exception taken to this action of the judge, but it is important as it throws light on the trial, and shows that the case was tried upon the theory that the manager was without authority, unless the directors by resolution authorized his action.

After the first issue was answered, the only fact in dispute was whether the manager, Brimmer, had authority to make the pledge, and if this could be shown otherwise than by a resolution of the directors, the issues are not determinative of the controversy, if the first is not inconsistent with the fourth, and if there is evidence supporting a finding in favor of the defendant on the question of authority, the judgment ought to be reversed.

The authority of a managing agent is broad (Tiffany Agency, 216), but generally he cannot by virtue of his office sell, mortgage, or pledge the corporate property. *Duke v. Markham,* 105 N. C., 131; 7 R. C. L., 645; *Buckwald Transfer Co. v. Hurst,* 19 Ann. Cas., 169, and note.

The rule is not, however, inflexible, and is applied reasonably, taking into consideration the business, the duties to be performed, the relation of the property dealt with to the business and to the other property, the surrounding circumstances and the principle that he "has the implied power, in the absence of express limitations, to do all acts on behalf of the corporation that may be necessary or proper in performing his duties." Clark on Corporations, 494.

"It is a general principle, applicable in all such cases, whether the agency be general or special, unless the inference is expressly negatived by some fact or circumstance, that it includes the authority to employ all the usual modes and means of accomplishing the purposes and ends of the agency, and a slight deviation by the agent from the course of his duty will not vitiate his act, if this be immaterial or circumstantial only, and does not, in substance, exceed his power and duty. Such an agency carries with and includes in it, as an incident, all the powers which are necessary, proper, usual and reasonable as means to effectuate the purposes for which it was created." *Huntley v. Mathias,* 90 N. C., 103.

"The power of an agent, then, to bind his principal may include not only the authority actually conferred, but the authority implied as usual and necessary to the proper performance of the work intrusted to him, and it may be further extended by reason of acts indicating authority which the principal has approved or knowingly or at times even negligently permitted the agent to do in the course of his employment." *Powell v. L. Co.,* 168 N. C., 635.

"The principal is held to be liable upon a contract duly made by his agent with a third person: (1) When the agent acts within the scope of his actual authority. (2) When the contract, although unauthorized, has been ratified. (3) When the agent acts within the scope of his apparent authority, unless the third person has notice that the agent is exceeding his authority, the term 'apparent authority' including the power to do whatever is usually done and necessary to be done in order to carry

into effect the principal power conferred upon the agent and to transact the business or to execute the commission which has been intrusted to him." *Wynn v. Grant,* 166 N. C., 47.

In the application of this doctrine it was held in *Huntley v. Mathias, supra,* that an agent traveling through the country to sell engines had implied authority to hire a horse, and in *Brittain v. Westall,* 137 N. C., 32, that an agent to buy, to whom money had not been furnished, could buy on credit and bind his principal.

It is also well settled that although the agent has no authority, express or implied, that the principal is responsible for his acts if he ratifies them; that taking benefit of the transaction with knowledge is a ratification (*Starnes v. R. R.,* 170 N. C., 224), and that when the agent acts outside of his powers, the principal must adopt the whole transaction or repudiate the whole. "He cannot accept the beneficial part and reject what is left of it." *Pub. Co. v. Barber,* 165 N. C., 482.

Is there evidence of authority or ratification?

The Brimmer Company was in business as an undertaker and the defendant company was in the livery business.

The evidence tends to prove that the Brimmer Company did not own horses and carriages, and that they were necessary in the conduct of its business; that it had been hiring from the defendant, and owed it a considerable account; that the defendant refused to permit the further use of the horses and carriages without security; that Brimmer, the manager, then pledged the wagon, and with the understanding that the defendant would continue to furnish the horses and carriages; that the president of the company was told of the pledge and the agreement; that the company continued to hire the horses and carriages and permitted the wagon to remain in possession of the defendant, and that when the defendant went to see the president about the account he said the defendant could hold the wagon until it was paid, the last statement appearing in the recital of the evidence in the charge.

It appears, therefore, that authority to bind the principal may exist without a resolution of the directors, and that ratification is as effectual as previous authority, and as there is evidence of authority and ratification, and no issue was submitted to cover these important contentions of the defendant, there must be a new trial, because, as said in *Tucker v. Satterthwaite,* 120 N. C., 122, "It is the duty of the judge, either of his own motion or at the suggestion of counsel, to submit such issues as are necessary to settle the material controversies arising in the pleadings, and that in the absence of such issues or admissions of record equivalent thereto sufficient to reasonably justify, directly or by clear implication, the judgment rendered therein, this Court will remand the case for a new trial."

New trial.