RALPH D. TUTTLE v. JUNIOR BUILDING CORPORATION.

(Filed 25 February, 1948.)

**1. Corporations § 6a (1)—**

A corporation is bound by the acts of its stockholders and directors only when they act as a body in regular session or under authority conferred at a duly constituted meeting, and they cannot bind the corporation by their separate individual acts or declarations, even though they constitute a majority.

**2. Corporations § 21—**

Since stockholders and directors cannot bind the corporation by their individual acts and declarations, evidence of declarations made by stockholders and directors is incompetent and ineffectual to show a ratification of an alleged unauthorized act performed in the name of the corporation by its officers.

**3. Corporations § 22—**

Corporate directors are trustees of its property, and usually a corporation may sell, transfer and convey its corporate real estate only when authorized to do so by its board of directors. G. S., 55-48; G. S., 55-26 (10). In the present case the statutory provisions were supplemented by stipulation in defendant's bylaws.

**4. Corporations §§ 6a (2), 22—**

In the absence of charter or bylaw provision to the contrary, the president of a corporation is the general manager of its corporate affairs, and his contracts made in the name of the corporation in the general course of business and within the apparent scope of his authority are ordinarily enforceable, but ordinarily he has no power to sell or contract to sell the real or personal property of the corporation without authority from its board of directors.

**5. Corporations § 22—**

Where a corporation is authorized to, and does in fact, engage in the business of buying and selling real estate as a part of the corporate stock in trade, the authority of its officers to bind the corporation in respect thereto may be implied from the nature of its business, the duties necessary to be performed by its officers, the relation of the property to the corporate business and to its other property, and the principle that corporate officers, in the absence of express limitations, have implied power to do all acts on behalf of the corporation which are necessary or proper in the performance of their duties.

**6. Same—**

Where a corporation authorized by its charter to engage in the business of buying and selling real estate, denies that its officers had authority to sell the real estate in question, evidence tending to show that the corporation had never exercised its corporate authority to deal in real estate, that the *locus* was the only real property it ever owned, and that it was organized primarily for the purpose of acquiring and holding the *locus*, is competent to repel any inference of implied authority on the part of its officers to make the conveyance.

**7. Same—**

A deed in proper form, executed in the name of a corporation by its president, or in his absence by its vice-president, attested by its secretary, to which the corporate seal is affixed, is *prima facie* valid.

**8. Same—**

Evidence on the part of plaintiff tending to show that deed in proper form executed for defendant corporation by its officers, had the corporate seal affixed and was deposited in escrow, makes out a *prima facie* case that the corporate officers had authority to execute the deed, entitling plaintiff to the submission of appropriate issues to the jury, but does not shift the burden of proof, which rests upon plaintiff throughout to establish the validity of the contract.

**9. Corporations § 9—**

The fact that proceedings at a stockholders' meeting are not recorded is not fatal, and the proceedings may be proved by parol testimony.

**10. Corporations § 22—Authority of corporate officers to execute deed held question for jury on conflicting evidence.**

Plaintiff's evidence tended to show defendant corporation was authorized by its charter to deal in real estate, that subsequent to a meeting of stock-

holders held after proper notice, officers of the corporation executed deed in proper form with corporate seal affixed, conveying real estate of the corporation to plaintiff, and deposited same in escrow.   The deed was withdrawn from escrow without plaintiff's knowledge or consent before he could tender balance of the purchase price.   Defendant denied authority of its officers to execute the deed and offered evidence that at the stockholders' meeting the matter was informally discussed and it was agreed to instruct the officers to execute the deed, but that no formal vote was taken and no record of the meeting entered in the corporate minutes, that the *locus* was the only realty owned by the corporation and that the corporation was organized primarily for the purpose of acquiring and holding the *locus*.   *Held:* The authority of the corporate officers to execute the deed was an issue of fact for the determination of the jury upon the conflicting evidence.

**11. Appeal and Error § 39f—**

Where the charge of the court, considered contextually, is in accord with the applicable principles of law, exceptions to excerpts therefrom cannot be sustained.

APPEAL by plaintiff from *Bobbitt, J.,* at October Term, 1947, of STOKES.   No error.

Civil action to compel specific performance of a contract of purchase and sale.

This cause was here on former appeal.   *Tuttle v. Building Corp.,* 227 N. C., 146.   The substance of the evidence offered by plaintiff is there stated.   In that hearing the defendant offered no testimony.

At the hearing below the defendant offered testimony tending to show that while the directors and stockholders met informally and discussed plaintiff's offer to purchase the *locus in quo,* there was no formal meeting or formal action either by the stockholders or directors, accepting the offer of plaintiff or authorizing the sale or the execution of a deed.

There was evidence that notice of a meeting was issued, that a meeting was held and adjourned until the next day, and at the adjourned meeting it was informally agreed to instruct the defendant's attorney, who also was a director, to prepare a deed, but no formal vote was had and no record of the meeting was entered in the corporate minutes.

A deed prepared by the attorney was executed in the name of the corporation by its vice-president, in the absence of the president who was then in the Army.   It was attested by the secretary of the corporation, the corporate seal was affixed thereto, and its execution was duly acknowledged.   This deed was delivered to the bank in escrow and later withdrawn without the consent of plaintiff and before he tendered the balance of the purchase price.

The *locus in quo* is the only real estate defendant has ever owned. Therefore, it has not heretofore purchased or sold any other real estate

under the power contained in its charter and has never engaged in the real estate business.

The jury answered the first issue submitted, to wit, "1. Did the defendant corporation enter into a valid contract with the plaintiff to sell and convey the Junior Building Corporation property for the sum of Ten Thousand Dollars, as alleged in the complaint?", "No."

The court below thereupon entered its judgment in favor of the defendant and plaintiff excepted and appealed.

*P. W. Glidewell, Sr., and A. C. Davis for plaintiff appellant.*
*R. J. Scott and Fred Folger for defendant appellee.*

BARNHILL, J. This appeal presents three questions for decision: (1) Was evidence of statements made by stockholders and directors, as individuals, after the withdrawal of the deed from the bank, competent against defendant; (2) Was evidence tending to show that defendant had never owned any other property or made any other sales of real property incompetent and inadmissible on the question of the implied authority of its officers; and (3) After proof of the regular execution of a deed by its officers does the burden of proof shift to defendant to prove want of authority. We must answer in the negative.

A corporation is bound by the acts of its stockholders and directors only when they act as a body in regular session or under authority conferred at a duly constituted meeting. "As a rule authorized meetings are prerequisite to corporate action based upon deliberate conference, and intelligent discussion of proposed measures:" *O'Neal v. Wake County,* 196 N. C., 184, 145 S. E., 28; *Duke v. Markham,* 105 N. C., 131; *Nimocks v. Shingle Co.,* 110 N. C., 20; *Pinchback v. Mining Co.,* 137 N. C., 172; *Hill v. R. R.,* 143 N. C., 539; *Everett v. Staton,* 192 N. C., 216, 134 S. E., 492; *Davenport v. Drainage District,* 220 N. C., 237, 17 S. E. (2d), 1.

"The separate action, individually, without consultation, although a majority in number should agree upon a certain act, would not be the act of the constituted body of men clothed with corporate powers." Angel & Ames on Corporations, sec. 504. "Indeed the authorities upon this subject are numerous, uncontradicted, and supported by reason." *Duke v. Markham, supra; Printing Co. v. Herbert,* 137 N. C., 317; *Pinchback v. Mining Co., supra; Hill v. R. R., supra.*

If stockholders and directors cannot bind the corporation by their individual acts and declarations, *a fortiori* an unauthorized act performed in the name of the corporation by its officers cannot thereafter be ratified by such acts or declarations. Hence the court below properly excluded the evidence of declarations made by stockholders and directors after the

sale had been repudiated and the deed withdrawn from escrow. *Rumbough v. Improvement Co.,* 112 N. C., 751; *Gazzam v. Insurance Co.,* 155 N. C., 330, 71 S. E., 434; *Bank v. Toxey,* 210 N. C., 470, 187 S. E., 553; *R. R. v. Smitherman,* 178 N. C., 595, 101 S. E., 208.

Directors are trustees of corporate property, G. S. 55-48; *Pender v. Speight,* 159 N. C., 612, 75 S. E., 851; *Teague v. Furniture Co.,* 201 N. C., 803, 161 S. E., 530; *Braswell v. Morrow,* 195 N. C., 127, 141 S. E., 489; *Roscower v. Bizzell,* 199 N. C., 656, 155 S. E., 558, and usually, a corporation may sell, transfer, and convey its corporate real estate only when authorized to do so by its board of directors. G. S. 55-26 (10).

These statutory provisions (G. S. 55-48; G. S. 55-26 (10)), are supplemented by a stipulation in defendant's bylaws as follows:

"Full executive power shall be vested in the board of directors in the transaction of any and all business of the corporation of any and every nature during the term of their office."

The record fails to disclose that any of these powers were ever delegated to the defendant's officers.

In the absence of a charter or bylaw provision to the contrary, the president of the corporation is the general manager of its corporate affairs. *Phillips v. Land Co.,* 174 N. C., 542, 94 S. E., 12; *Trust Co. v. Transit Lines,* 198 N. C., 675, 153 S. E., 158; *White v. Johnson and Sons, Inc.,* 205 N. C., 773, 172 S. E., 370; *Lumber Co. v. Elias,* 199 N. C., 103, 154 S. E., 54; *Warren v. Bottling Co.,* 204 N. C., 288, 168 S. E., 226. His contracts made in the name of the company in its general course of business and within the apparent scope of his authority are ordinarily enforceable. 2 Fletcher, Cyc. Corporations, 467, sec. 592; *Huntley v. Mathias,* 90 N. C., 101; *Wynn v. Grant,* 166 N. C., 39, 81 S. E., 949; *Powell v. Lumber Co.,* 168 N. C., 632, 84 S. E., 1032; *Brimmer v. Brimmer,* 174 N. C., 435, 93 S. E., 984. But, usually, he has no power to bind the corporation by contract in material matters without express authority from the directors or stockholders. *Lumber Co. v. Elias, supra;* 2 Fletcher Cyc. Corporations, 440, sec. 557.

"The president of a corporation has no implied or inherent authority, merely by virtue of his office or as incident thereto, to sell and convey or to contract to sell the real or personal property of the corporation, without authority so to do from the board of directors, even though he is both president and general manager, and over a period of years is left with the entire management and control of the affairs of the corporation. Nor can he, merely by virtue of his office, enter into a valid contract to exchange the same, or make a valid conveyance of corporate property, although authority is sometimes presumed." 2 Fletcher, Cyc. Corporations, 508, sec. 605; *Duke v. Markham, supra; Buchwald Trans-*

*fer Co. v. Hurst,* 19 Ann. Cas., 619, and note; 13 A. J., 882, sec. 904; G. S. 55-26 (10).

The rule limiting the authority of officers in respect to the sale of real property is not, however, inflexible. Where a corporation is authorized to and does in fact engage in the business of buying and selling real estate and its officers are in the habit of conveying the property purchased as a part of the corporate stock in trade with the silent approval or acquiescence of the board of directors, authority so to do will be implied. *Brimmer v. Brimmer, supra; Watson v. Manufacturing Co.,* 147 N. C., 469. In determining whether the rule must be applied, the business in which the corporation is engaged, the duties necessary to be performed by its officers, the relation of the property dealt with to the business and to its other property, the surrounding circumstances and the principle that corporate officers have "the implied power, in the absence of express limitations, to do all acts on behalf of the corporation that may be necessary or proper in performing" their duties must be considered. Clark on Corporations, 494; *Brimmer v. Brimmer, supra; Lumber Co. v. Elias, supra.*

Here the defendant was authorized by its charter to engage in the business of buying and selling real estate. In the light of that fact, evidence tending to show that it has never exercised its corporate authority so to do; that the *locus* is the only real property it ever owned; and that it was organized primarily for the purpose of acquiring and holding this particular tract was pertinent and competent to repel any inference of implied authority in its officers, arising out of its course of business, to make the conveyance. Hence exceptions thereto cannot be sustained.

A deed in proper form, executed in the name of a corporation by its president, or in his absence by its vice-president, attested by its secretary, to which its corporate seal has been affixed, is *prima facie* valid. The presence of the seal raises a presumption of authority having the force of *prima facie* evidence that its execution was the act of the corporation and that the seal was affixed thereto by legally exercised authority of the company. *Duke v. Markham, supra; Clark v. Hodge,* 116 N. C., 761; *Edwards v. Supply Co.,* 150 N. C., 173, 63 S. E., 740; *Bank v. Oil Co.,* 157 N. C., 302, 73 S. E., 93; *Lumber Co. v. Lumber Co.,* 185 N. C., 237, 117 S. E., 10; *Trust Co. v. Transit Lines, supra; Morris v. Basnight,* 179 N. C., 298, 102 S. E., 389.

Hence proof of the due execution of the deed for the *locus* with the corporate seal affixed thereto and its delivery in escrow made out a *prima facie* case for plaintiff which required the submission of appropriate issues to the jury. *Tuttle v. Building Corp.,* 227 N. C., 146; *Duke v. Markham, supra; Morris v. Y. & B. Corp.,* 198 N. C., 705, 153 S. E., 327. But this did not shift the burden of proof. The de-

fendant was merely put to the election whether it should go forward with proof in rebuttal or risk a verdict on the *prima facie* case established by plaintiff. The burden of establishing the validity of the contract rested on the plaintiff throughout the trial. *Davenport v. Drainage District, supra; Bank v. Construction Co.,* 203 N. C., 100, 164 S. E., 621; *White v. Hines,* 182 N. C., 275, 109 S. E., 31; *Woods v. Freeman,* 213 N. C., 314, 195 S. E., 812.

The authority of the officer to execute the deed was challenged by the denial of the defendant. The evidence thereon was conflicting. Hence it was a question for the jury. *Phillips v. Land Co.,* 174 N. C., 542, 94 S. E., 12; *McCall v. Institute,* 189 N. C., 775, 128 S. E., 349; *Warren v. Bottling Co., supra.*

There is evidence that defendant stockholders held a meeting to discuss this particular sale and there are circumstances tending to show that the sale was approved at that meeting. Indeed, it seems to be admitted that it was agreed that Scott should prepare the deed. The failure to record these proceedings is not fatal. *Benbow v. Cook,* 115 N. C., 325. Proceedings of a corporate meeting of stockholders or directors are facts and they may be proved by parol testimony when they are not recorded. *Bailey v. Hassell,* 184 N. C., 450, 115 S. E., 166; *Everett v. Staton, supra; Asbury v. Mauney,* 173 N. C., 454, 92 S. E., 267.

But the court in its charge gave the plaintiff the full benefit of his contention as to the force and effect of what happened at this meeting. The jury simply discounted the testimony and failed to find therefrom that the sale was authorized.

The charge of the court, considered contextually, was in accord with the principles of law heretofore stated. Plaintiff's exceptions to excerpts therefrom cannot be sustained.

Plaintiff made out a persuasive case. There was, however, evidence in rebuttal. Hence it was essentially a question of fact for the jury and they have answered under instructions free from error. Their verdict and the judgment thereon must stand.

No error.