LAND-OF-SKY REGIONAL COUNCIL v. COUNTY OF HENDERSON, NORTH CAROLINA

No. 8528SC168

(Filed 3 December 1985)

Counties § 2; Estoppel § 5.1; Appeal and Error § 42— regional government council—action to collect dues from county—county estopped from denying plaintiff's capacity to sue—summary judgment for plaintiff proper

    Summary judgment was properly granted for plaintiff in an action by a regional planning and economic development commission to collect contributions due from a county where defendant county had participated from 1971 through February 1982 as a member in plaintiff's activities; defendant attended meetings, workshops and received the benefits of plaintiff's plans and services; defendant during this time made full payments of its proportionate share of plaintiff's budget as set forth in plaintiff's Bylaws; defendant indicated in a 1982 letter that its Board of Commissioners unanimously voted to comply with the obligations incumbent on a withdrawing member; defendant did not raise any material question of fact pertaining to plaintiff's request that defendant should be estopped from denying its obligation; the pleadings on which defendant solely relied did not indicate that estoppel would impair its exercise of governmental functions; and plaintiff relied upon defendant's prior conduct and budgeted and staffed with the reasonable expectation that defendant would pay its proportionate share of plaintiff's budget. Furthermore, the trial court did not err by refusing to include in the record on appeal an additional affidavit filed by plaintiff where the affidavit was not before the court or considered when the court passed on plaintiff's motion for summary judgment. N.C.G.S. 1A-1, Rule 56, N.C.G.S. 158-8, N.C.G.S. 153A-392(3), N.C.G.S. 153A-393.

APPEAL by defendant from *Lewis, Judge.* Judgment entered 18 October 1984 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 24 September 1985.

Plaintiff, Land-of-Sky Regional Council instituted this action 29 February 1984 by filing a complaint seeking $38,277.33 in contributions due from defendant, County of Henderson, North Carolina (Henderson County). The complaint alleged plaintiff is a regional planning and economic development commission created in 1971 by joint resolutions of the Boards of County Commissioners of Madison, Buncombe, Henderson and Transylvania counties.

In its answer defendant moved to dismiss the action for failure to state a claim for which relief may be granted. Rule 12(b)(6), N.C. Rules Civ. P. Defendant's answer denied all pertinent allegations by plaintiff. Their answer denied that plaintiff was properly organized and had capacity to sue. Defendant further denied that there was a joint resolution by which the manner of each member's financial support was determined as required by G.S. 153A-392 and G.S. 158-8. On 28 June 1984, defendant moved for summary judgment. Plaintiff submitted affidavits and on 1 October 1984 moved for summary judgment. The only material filed by defendant in opposition to plaintiff's motion was an affidavit by the chairman of the Henderson County Board of Commissioners. This affidavit by the Board chairman asserted that the minutes of Henderson County's Board of Commissioners do not contain in resolution form the method of determining the Council's financial support from its member governments.

In an order filed 10 October 1984, the court denied defendant's motions for change of venue, summary judgment and to dismiss the action. On 18 October 1984, the court granted plaintiff's motion for summary judgment. Defendant appeals.

*McGuire, Wood, Worley & Bissette, by Joseph P. McGuire, for plaintiff appellee.*

*Morris, Golding, Phillips & Cloninger, by William C. Morris, Jr. and William C. Morris, III, for defendant appellant. Don Garren, for defendant appellant.*

JOHNSON, Judge.

The privotal question we must address is whether plaintiff was entitled to a summary judgment as a matter of law. We conclude that as a matter of law plaintiff was entitled to a summary judgment.

A purpose of G.S. 1A-1, Rule 56, motion for summary judgment is to avoid useless trials when a debtor has chosen to defend rather than default. *See Pridgen v. Hughes*, 9 N.C. App. 635, 177 S.E. 2d 425 (1970). In pertinent part, G.S. 1A-1, Rule 56(c) provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any party is entitled to a judgment as a matter of law.

Rule 56(c) N.C. Rules Civ. P. Summary judgment is not a device to resolve factual disputes, however, complex facts and legal issues do not preclude summary judgment. *Cook v. Baker Equipment Engineering Co.*, 431 F. Supp. 517 (1977). The judge's role is to determine if there is a material issue of fact that is triable. *Wachovia Mortgage Co. v. Autry-Baker-Spurrier Real Estate, Inc.*, 39 N.C. App. 1, 249 S.E. 2d 727 (1978), *aff'd*, 297 N.C. 696, 256 S.E. 2d 688 (1979). The movant has the burden of convincing the judge there are no triable issues of fact. *See Pridgen v. Hughes, supra.*

The moving party may have the burden of establishing a lack of triable issues of fact but, the nonmoving party may not rest upon mere allegations of his pleadings. *Taylor v. Greensborough News Co.*, 57 N.C. App. 426, 291 S.E. 2d 852, *disc. rev. granted*, 306 N.C. 751, 295 S.E. 2d 486 (1982), *appeal dismissed*, 307 N.C. 459, 298 S.E. 2d 385 (1983). Bearing these principles in mind we turn to the propriety of the court's granting a summary judgment for plaintiff.

Defendant's chief contention is that the minutes of the Henderson County Board of Commissioners do not reflect a joint resolution adopting the method of determining each member government's financial support. A joint resolution creating a regional planning commission should "[s]et out the method of determining the financial support that will be given to the commission by each member government." G.S. 153-392(3). "The membership, compensation (if any), and terms of a regional economic development commission and the formula for its financial support, shall be fixed by the joint resolution creating the commission." G.S. 158-8. Defendant contends the legal effects of not adhering to the requirements

of G.S. 158-8 and G.S. 153A-392 control the disposition of this case.

Essentially the legal effects proposed by defendant are as follows: (1) since there is not a financial formula for each member's contribution adopted in resolution form, plaintiff is improperly organized, and (2) therefore, plaintiff is without the capacity to sue.

The pleadings relied on by plaintiff were supported by affidavits which included uncontradicted accounts of the seven (7) year participation by defendant as a member of the council. Plaintiff also submitted a letter in compliance with G.S. 153A-393 and G.S. 158-8, which was directed by action of the Henderson County Board of Commissioners at a regular meeting on 1 March 1982.

Mr. Charles H. Campbell, Chairman
Land-of-Sky Regional Council
25 Heritage Drive
Asheville, NC 28806

Dear Mr. Campbell:

This letter is in compliance with G.S. 153A-393 and G.S. 158-8 and was directed by action of the Henderson County Board of Commissioners at a regular meeting on March 1st, 1982.

The members of the Land-of-Sky Regional Council are to be advised that the County of Henderson is, as of this date, submitting this written notice of withdrawal from the Land-of-Sky Regional Council.

In a motion approved by a unanimous vote of all members, the Board voted to submit this two-year notice of withdrawal, and stated its desire to see the Council return to the original purpose for which it was organized. If this is accomplished within the next two years, the County will reconsider its decision to withdraw.

Sincerely,

s/ MILDRED O. BARRINGER
Chairman

The stated purpose of the letter is to comply with the statutory scheme for withdrawal by a member government. "A

*member* government may withdraw from a regional planning commission by giving at least two years' written notice to the *other* counties involved." G.S. 153A-393 (emphasis ours). "Any governmental unit may withdraw from a regional commission on two years' notice to the *other members.*" G.S. 158-8 (emphasis ours). The most significant aspect of this letter is that the Henderson County Board of Commissioners admitted they voted to follow the statutory scheme set forth in G.S. 153A-393 and G.S. 158-8. "In a motion approved by a *unanimous vote* of all members, the Board voted to submit this two year notice of withdrawal. . . ." (emphasis ours). Thereafter Henderson County continued to attend plaintiff's meetings, receive the benefit of council programs and otherwise participate as a member of the council.

Henderson County is a corporate body. *See O'Neal v. Wake County,* 196 N.C. 184, 145 S.E. 28 (1928). On the face of it defendant's answer contends that there are no county board meeting minutes reflecting a resolution which adopts a financial formula for each member's financial contribution. Article VII Section 1 of the Bylaws of plaintiff sets forth the formula for calculating contributions for each member.

> Each county shall contribute a share proportionate to the county's proportionate share of the regional population as determined by the most recent decennial census. Municipal shares shall be determined within each county in a method mutually agreeable to the municipalities and county in which said municipalities are located.

Bylaws Land-of-Sky Regional Council Article VII sec. 1. If these Bylaws were adopted by defendant then the requirements of G.S. 153A-392 and G.S. 158-8 would be met. Thus, defendant is asserting that it was never a member of plaintiff because there are no minutes reflecting an adoption of the Bylaws. In order to take valid action, a board of county commissioners must act in its corporate capacity in a meeting duly held as prescribed by law. *See Jefferson Standard Life Ins. Co. v. Guilford County,* 226 N.C. 441, 38 S.E. 2d 519 (1946). It is important to note that at no point does defendant deny that a vote was taken, or that it intended to become a member of plaintiff.

"Proceeds of a corporate meeting of stockholders or directors are facts and they may be proved by parol testimony when they

are not recorded." *Tuttle v. Junior Building Corp.*, 228 N.C. 507, 513, 46 S.E. 2d 313, 317 (1948) (citing *Bailey v. Hassell,* 184 N.C. 450, 115 S.E. 166 (1922) ). The failure to record these proceedings is not fatal. *Tuttle,* at 513, 46 S.E. 2d at 317. There is evidence that the Henderson County Board of Commissioners met and voted to adopt plaintiff's Bylaws. The Bylaws contains the formula for financial contributions by each member. Defendant paid its proportionate share of plaintiff's budget until a letter of withdrawal was submitted. Thereafter, defendant made partial payments and continued to avail itself of emergency medical services and programs for the aged. Defendant continued to be represented at plaintiff's meetings, workshops and training sessions. Two different chairmen of the Henderson County Board of Commissioners attended plaintiff's meetings during the two year period of withdrawal.

The most significant evidence is the 8 March 1982 letter from a third chairman of the Henderson County Board of Commissioners. The letter is important for two reasons. The letter is evidence that defendant considered itself a member, subject to the two year withdrawal period. G.S. 153A-93; G.S. 158-8. Defendant was seeking to withdraw from a commitment entered into in 1971. If defendant's joining of plaintiff is lawful and not in violation of constitutional provisions or in contravention of policy it would be capable of ratification. *See Jefferson Standard Life Ins. Co., supra.* Thus the letter of withdrawal is more than some evidence of the current Board's recognition of the resolution in 1971 which now requires them as a member government to go through a withdrawal procedure. The letter is also a ratification of defendant's acts as a member of plaintiff since 1971. The Henderson County Board of Commissioners unanimously voted to withdraw, but at the same time the Board ratified the actions of the Board in organizing plaintiff in 1971. Defendant urged plaintiff "to *return* to the original purpose for which *it was organized.*" (emphasis ours).

Defendant asserts that it was beyond the power and authority of its delegates to bind it to plaintiff for support. Liability cannot be incurred for the *ultra vires* acts of officers of employees of a municipality. *Kennerly v. Dallas,* 215 N.C. 532, 2 S.E. 2d 538 (1939). Defendant would render meaningless a vote by the full Board of Commissioners each year from 1972 to 1982. Each year

the Commissioners voted and approved payment to plaintiff for defendant's proportionate share of the budget. We conclude that Henderson County Board of Commissioners had the power to obligate defendant to financially support plaintiff.

On 12 September 1984, defendant filed only one affidavit in opposition to plaintiff's motion for summary judgment. The affiant, Chairman of the Henderson County Board of Commissioners, asserted that in the Board's minutes there was no record of a joint resolution establishing the necessary formula for financial contributions by each member. G.S. 153A-393; G.S. 158-8. Consistent with the discussion hereinabove, this affidavit does not raise a material issue of fact to preclude summary judgment.

On 17 December 1984, plaintiff filed an additional affidavit by Mr. Drake. Defendant assigns as error the court's refusal to include the affidavit in the Record on Appeal. This affidavit was not before the court, or considered when it passed on plaintiff's motion for summary judgment. We find no error in the court's refusal to allow the affidavit to be included in the Record on Appeal.

Plaintiff's motion for summary judgment requests that defendant should be estopped from denying: (1) plaintiff's capacity to sue, and (2) that plaintiff is properly organized as a regional planning and economic development commission. Plaintiff's request for the application of the equitable principle of estoppel is in response to defendant's third and fourth defenses in its answer. Defendant's answer asserted that plaintiff is without capacity to sue and is improperly organized to exercise any of its powers. Defendant contends that the equitable principle of estoppel may not be invoked against it because the exercise of its governmental powers will be impaired. We disagree.

We recognize that counties are not subject to an estoppel to the same extent as a private individual or a private corporation. *See Henderson v. Gill, Comr. of Revenue*, 229 N.C. 313, 49 S.E. 2d 754 (1948). Otherwise a county could be estopped from exercising a governmental right. *Id.* However, a governmental entity may be estopped if it is necessary to prevent loss to another and the estoppel will not impair the exercise of governmental powers. *Washington v. McLawhorn*, 237 N.C. 449, 454, 75 S.E. 2d 402, 406 (1953).

Land-of-Sky Regional Council v. Co. of Henderson

Estoppel is a means whereby a party may be prevented from asserting a legal defense contrary to or inconsistent with previous conduct. *Godley v. County of Pitt*, 306 N.C. 357, 360, 293 S.E. 2d 167, 169 (1982). In *Godley*, the court determined that detrimental reliance need not be established to invoke the remedial doctrine of quasi estoppel. *Id.* at 361, 293 S.E. 2d at 170. Quasi estoppel "is directly grounded upon a party's acquiescence or acceptance of payment or benefits, by virtue of which that party is thereafter prevented from maintaining a position inconsistent with those acts." *Id.* One who has the right to accept or reject the benefits flowing from a transaction or instrument and does not do so but instead accepts these benefits has ratified that transaction. *Redevelopment Comm. of City of Greenville v. Hannaford*, 29 N.C. App. 1, 4, 222 S.E. 2d 752, 754 (1976).

Applying the equitable principles above we conclude that defendant ratified its actions as a member of plaintiff. From 1971 through February 1982, defendant participated as a member in plaintiff's activities. Defendant attended meetings, workshops and received the benefits of plaintiff's plans and services. During this time defendant made full payments of its proportionate share of plaintiff's budget as set forth in plaintiff's Bylaws. Most significantly of all, defendant indicated in the 8 March 1982 letter that the Henderson County Board of Commissioners unanimously voted to comply with the obligations incumbent on a withdrawing member. G.S. 153A-393; G.S. 158-8. Defendant has not raised any material question of fact pertaining to plaintiff's request that defendant should be estopped from denying its obligation. The pleadings which defendant solely relies on do not indicate that an estoppel would impair its exercise of governmental functions.

Plaintiff has relied upon defendant's prior conduct in paying its proportionate share of plaintiff's budget and providing the two-years notice of withdrawal. Plaintiff has budgeted and staffed with the reasonable expectation that defendant would pay its proportionate share of plaintiff's budget. It would be unconscionable to allow plaintiff to take a position inconsistent with the actions it has taken for over a decade.

Affirmed.

Judges WEBB and PHILLIPS concur.